## Chester City *v.* Western Union Telegraph Co., Appellant.

*Taxation—License tax on telegraph poles—Municipalities.*

An ordinance of a city imposing a license tax of one dollar per year for each telegraph pole erected within the city limits is not so unreasonable as to justify the courts in interfering with the discretion of the municipality.

In an action to recover such a tax an affidavit of defence is insufficient which avers that the charge "is wholly disproportioned to the usual, ordi-

nary or necessary expense of municipal officers, of issuing licenses, and other expenses thereby imposed upon the municipality." The defence is insufficient, because it does not take into consideration the liability imposed upon the city by the erection of telegraph poles.

Argued Feb. 7, 1893. Appeal, No. 92, July T., 1892, by defendant, from order of C. P. Delaware Co., Sept. T., 1891, No. 185, entering judgment for want of sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Rule for judgment for want of sufficient affidavit of defence in assumpsit to recover license tax on telegraph poles.

From the record it appeared the city of Chester, in 1884 and 1889, adopted two ordinances, by which it was provided that every telegraph company owning telegraph poles within the city should pay to the city treasurer a license fee of one dollar upon each new pole to be erected, and one dollar yearly for each pole maintained by the company, and providing penalties for failure to comply with the ordinance. This action was brought to collect from defendant the sum of $1,470, being license fees upon two hundred and forty-five poles for six years, from 1885 to 1891. The material averments of the affidavit of defence are stated in the opinion of the Supreme Court.

*Error assigned* was entry of judgment for plaintiff for want of a sufficient affidavit of defence.

*Silas W. Pettit, John R. Read* and *H. B. Gill* with him, for plaintiff, cited: W. U. Tel. Co. v. Phila., 22 W. N. 39 ; Allentown v. Western Union Telegraph Co., 1 Adv. R. 511 [s. c., 148 Pa. 117] ; Pensacola Tel. Co. v. W. U. Tel. Co., 96 U. S. 1 ; Ry. Co. v. Illinois, 118 U. S. 557 ; St. Louis v. Tel. Co., 39 Fed. R. 59 ; Leloup v. Mobile, 127 U. S. 640 ; Ratterman v. W. U. Tel. Co., 127 U. S. 411 ; Norfolk & W. R. R. v. Com., 136 U. S. 114 ; McCall v. California, 136 U. S. 104.

*Orlando Harvey*, for appellee, cited: Northern Liberties v. Gas Co., 12 Pa. 318 ; Phila. v. W. U. Tel. Co., 2 W. N. 455 ; R. R. v. Phila., 47 Pa. 314 ; Steam Supply Co. v. Phila., 41 Leg. Int. 252 ; Beer Co. v. Massachusetts, 97 U. S. 25 ; Thorpe

v. R. R. Co., 27 Vt. 149; W. U. Tel. Co. v. Phila., 22 W. N. 39; Van Hook v. Selma, 70 Ala. 361; Com. v. Patch, 97 Mass. 221; St. Louis v. Weber, 44 Mo. 550; Ash v. City, 11 Mich. 347; Carter v. Dow, 16 Wis. 298; Tenney v. Lenz, 16 Wis. 566; State v. Herod, 29 Iowa, 123; Allentown v. W. U. Tel. Co., 1 Adv. Rep. 511 [148 Pa. 117].

PER CURIAM, February 20, 1893:

It was conceded by the appellant company that the city of Chester has the power to impose a reasonable charge for a license to erect telegraph poles within the limits of the municipality. The ordinance of the city imposed a license tax of one dollar per year for each pole. We have held in a number of recent cases that this amount is not so unreasonable as to justify us in interfering with the discretion of such municipalities. In this case, however, the court below entered judgment for want of a sufficient affidavit of defence. The affidavit in question contains this averment:

" The said Western Union Telegraph Company avers that the sum sought to be recovered in this cause pretends to be imposed and is sought to be justified as a license tax merely in aid, and as part of, a police regulation of the city of Chester, and, as such, is unjust and unreasonable in that the amount thereof is wholly disproportioned to the usual, ordinary or necessary expense of municipal officers, of issuing licenses, and other expenses thereby imposed upon the municipality of the city of Chester, but is, on the contrary, largely in excess thereof, to wit, at least five times the expense thereof, wherefore the sum is unreasonable, not authorized by law and therefore void."

For the purposes of this case we must treat this averment as true, as far as it goes. The difficulty is it does not go far enough. It refers only to the usual, ordinary or necessary expense of municipal officers, of issuing licenses and other expenses thereby imposed upon the municipality. It makes no reference to the liability imposed upon the city by the erection of telegraph poles. It is the duty of the city to see that the poles are safe, and properly maintained, and should a citizen be injured in person or property by reason of a neglect of such duty, an action might lie against the city for the consequences of such neglect. It is a mistake therefore to measure the rea-

sonableness of the charge by the amount actually expended by the city for a particular year, to the particular purposes specified in the affidavit.

Judgment affirmed.