# Philadelphia *v.* American Union Telegraph Company, · Appellant.

*License tax on telegraph poles—Taxation—Police power—Interstate commerce—Constitutional law.*

In an action by a city under its ordinances against a telegraph company to recover an annual charge for each telegraph pole and each mile of wire, an affidavit of defense is insufficient which avers that the ordinances are void, because all taxes upon the value of said poles and wire were included in and represented by its capital stock upon which taxes had been paid to the commonwealth; that the poles and wires were principally employed in the transmission of messages between the different states, and were therefore instruments of interstate commerce; that the fees and charges were much more than the cost of regulating and supervising the said poles and wires, issuing licenses therefor, and all other expenses; thus producing a revenue to the city; and hence it is not an exercise of the police powers of the city.

Argued March 29, 1894. Appeal No. 74, Jan. T., 1895, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1891, No. 318, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit to recover charges on telegraph poles and wires.

From the record it appeared that claim was made for an annual charge of one dollar per pole, and two and one half dollars per mile of wire against defendant for the poles and wire which it used in the streets of the city.

Defendant alleged that the ordinances providing for these charges were illegal and void, inasmuch as the company had paid to the commonwealth of Pennsylvania all taxes upon the value of said poles and wires, as included in and represented by its capital stock, and upon the gross receipts derived from the use thereof; and further, that it had accepted the act of congress, approved July 24, 1866, and that the poles and wires in question were principally employed and operated in the transmission of messages between the different states, and were instruments of commerce; that the charge upon the wires and poles in question produced an amount that was more than ten times the cost of regulating and supervising the said poles and

wires and issuing licenses therefor, and would produce revenue to the city, and was hence void 'as an exercise of the police power, and invalid for the reason also that it was a regulation of interstate commerce.

Plaintiff took a rule for judgment for want of an affidavit of defense; but, before argument, defendant filed a supplemental affidavit, in which it was 'further averred in detail that the charges imposed by the sundry ordinances were more than ten times not only the cost of regulating the poles and wires and issuing licenses therefor, and all ordinary or necessary expenses imposed upon the city of Philadelphia thereby, but also all extraordinary expenses of said city of Philadelphia or its municipal officers, damages arising from liability imposed upon the city by the erection and maintenance of said poles and wires, and all other costs and damages, liability for damages, loss, injury and expenses of every nature whatsoever.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Silas W. Pettit, John R. Read* and *H. B. Gill* with him, for appellant, cited: Western Union Tel. Co. v. Pensacola Tel. Co., 96 U. S. 1; Railway Co. v. Ill., 118 U. S. 557; New Orleans Southern Tel. Co., 3 Ry. & Corp. L. 596; Leloup v. Mobile, 127 U. S. 640; Ratterman v. W. U. Tel. Co., 127 U. S. 411; Norfolk & W. R. R. v. Com., 136 U. S. 114; McCall v. California, 136 U. S. 104; Cooley on Const. Lim. sec. 201.

*Chester N. Farr, Jr., E. Spencer Miller*, assistant city solicitor, and *Charles F. Warwick*, city solicitor, for appellee, cited: West. U. Tel. Co. v. Phila., 22 W. N. C. 39; Phila. v. Postal Tel. Cable Co., 67 Hun, 21; Allentown v. Western Union Tel. Co., 148 Pa. 117; Chester v. Phila., Reading & Pottsville Tel. Co., 148 Pa. 120; Chester v. West. U. Tel. Co., 154 Pa. 464; St. Louis v. Western Union Tel. Co., 148 U. S. 92; Cooley on Taxation, 599; Van Hook v. Selma, 70 Ala. 361; Am. Rapid Tel. Co. v. Hess, 125 N. Y. 641; Electric Imp. Co. v. San Francisco, 45 Fed. Rep. 593; Johnson v. Phila., 60 Pa. 445; Rochester v. Upman, 19 Minn. 78: St. Louis v. Ins. Co.,

47 Mo. 150; Com. v. Markham, 7 Bush, 486; North Hudson Co. R. R. v. Hoboken, 41 N. J. Law, 71; Leloup v. Mobile, 127 U. S. 640; Gibbons v. Ogden, 9 Wheaton, 1; R. R. v. Fuller, 17 Wall. 560; Robbins v. Shelby Taxing Dist., 120 U. S. 489; Western Union Tel. Co. v. Pendleton, 122 U. S. 347; Pervear v. Com., 5 Wall. 475; U. S. v. Dewitt, 9 Wall. 41; Sherlock v. Alling, 93 U. S. 99; Slaughter House Cases, 16 Wall. 36; R. R. v. Fuller, 17 Wall. 560; Kimmish v. Ball, 129 U. S. 217; Smith v. Alabama, 124 U. S. 465; West. U. Tel. Co. v. Mass., 125 U. S. 530; American Rapid Tel. Co. v., Hess, 125 N. Y. 641; New York v. Squire, 145 U. S. 175.

PER CURIAM, April 8, 1895:

We find nothing in the record that would justify us in sustaining either of the assignments of error. There was no error in entering judgment against the defendant company for want of a sufficient affidavit of defense.

Judgment affirmed.