Benjamin F. Dorrance *v.* The Borough of Dorranceton,' J. Ford Dorrance, S. B. Vaughn, W. H. Mensch, R. E. Byle, Thomas Morgan, Janson Case, Henry Barney, B. F. Mathers, S. H. Pettebone, Lloyd Strunk and Moses Strunk, councilmen of the said borough, and George Evans, burgess thereof, Appellants.

*Road law—Opening streets—Acts of April* 3, 1851, *May* 16, 1891, *and May* 22, 1895.

The Act of May 22, 1895, P. L. 106, amending the Act of May 16, 1891, P. L. 75, relating to the opening of streets in boroughs, in so far as it regulates procedure, supersedes and replaces those parts of the general borough law of April 3, 1851, P. L. 320, in conflict therewith.

An ordinance of a borough for the opening of streets adopted and enacted according to the provisions of the act of April 3, 1851, and not of May 22, 1895, is invalid and void.

*Constitutional law—Statutes—Title of act—Act of May* 22, 1895.

The act of May 22, 1895, entitled " An act amending section nine of an act, entitled ' An act in relation to the laying out, opening, widening, straightening, extending or vacating streets and alleys, and the construction of bridges in the several municipalities of this commonwealth, the grading, paving, macadamizing or otherwise improving streets and alleys, providing for ascertaining the damages to private property resulting therefrom, the assessment of the damages, costs and expenses thereof upon the property benefited, and the construction of sewers and payment of the damages, costs and expenses thereof, including damages to private property resulting therefrom,' approved May 16, A. D. 1891, enabling municipal corporations to lay out, open, widen, extend and vacate streets or alleys, upon petition or without petition of property owners," does not violate article III., section 3 of the constitution, which directs that " no bill, except general appropriation bills, shall be passed containing more than one subject,which shall be clearly expressed in its title."

Argued April 12, 1897.   Appeal, No. 121, Jan. T., 1897, by defendant, from decree of C. P. Luzerne Co., Jan. T., 1897, No. 2, on bill in equity.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Bill in equity for an injunction to restrain the opening of a street in the borough of Dorranceton.

From the record it appeared that the ordinance for the opening of the street had been adopted and enacted in accordance

with the provisions of the general borough law of April 3, 1851, and not of the act of May 22, 1895.

LYNCH, J., filed the following opinion :

The bill praying for a preliminary injunction against the defendants, to restrain them from opening Rutter street in the borough of Dorranceton, over the land of the plaintiff, was filed on the 4th of January, 1897. The injunction was awarded, depositions have been taken on the part of the plaintiff, who now asks the injunction to be continued. The only question raised by the bill and argued at the bar is this : Is the ordinance opening and extending Rutter street valid ? If so, the injunction should be dissolved. If invalid, it should be continued. It was conceded on the argument that Dorranceton was incorporated under the general borough law of 1851, and its supplements.

I cannot agree with the learned counsel for the defense, who claimed that, "It takes both the ninth and tenth sections of the act of 1891 to get an ordinance for opening the street. The act of 1895 clearly intended to, and does provide for the very things enacted in both sections." The ninth section of the act gives municipalities power to open streets upon petition only, and the tenth section provides a method of practice and procedure. The amendment of 1895 gives authority to open when they shall deem it necessary, and also lays down the method of procedure. If I am correct in construing these acts, the argument that the act of 1895 is unconstitutional, because it contains more than one subject, which is not clearly indicated in the title, is not sound. The council at the time of the passing of the ordinance was composed of eleven members, it received the votes of only six, was introduced into council and put on its first reading March 18, 1896, and was finally passed on the 8th of April. These proceedings it is claimed were all under the act of 1851, which gives the corporate officers power to survey, lay out, enact and ordain such roads and streets as they may deem necessary : Act of April 3, 1851, P. L. 320, sec. 2. It was decided in Hanover Borough's Appeal, 150 Pa. 202, that the power conferred by the act of 1851, " is not impaired by the act of 1891, providing for the passage of ordinances for such purposes, on the petition of a majority of the property owners,"

abutting on the line of the proposed improvement. The reason given is that the act of 1891 is an affirmative one, conferring additional and cumulative powers on municipalities of all grades, but repealing no prior statute expressly, nor any portion thereof by implication, "unless the system provided by it is so inconsistent with that previously existing as to make it impracticable for them to stand together."

The act of 1891 gåve, in this particular, the authorities power to open streets within their limits, and to vacate the same upon the petition of a majority in interest and number of owners of property abutting on the line of the proposed improvement. There seems to be no valid reason for holding that the mere increase of power took away what had previously existed, but the amendment of 1895, P. L. 106, adds nothing to the power of municipal authorities. The act of 1851 gave corporate officers of boroughs, authority to lay out such streets as they may deem necessary, which has not been changed by the act of 1895. By this act the power to open streets of their own motion is neither enlarged nor curtailed, but the proviso gives an exclusive method for its exercise. Why has not the legislature the right to say, if in effect it replaces the provisions of the act of 1851, how ordinances shall be adopted and enacted, how long they shall lie over before enactment and how the parties interested shall be notified of the proposed local law. These are mere safeguards for the benefit of the people to be effected by the improvement. Again, why should there be two modes of procedure without petition, the one under the act of 1851, the other under the provisions of the act of 1895. Under both acts council has authority to open when it is deemed necessary. Should the act receive such construction as to leave municipalities, persons and all concerned in doubt as to the act under which the proceedings take place, or should it be said that it is simply necessary to tag an ordinance in order to place it under some particular act. The effort of the Supreme Court and the legislature when considering acts of this character, since the constitution of 1873, have been to simplify procedure, and make the laws uniform. In so far as the amended act of 1895 regulates procedure it must be held to supersede and replace those parts of the act of 1851 in conflict therewith.

It is, therefore, decided that the ordinance in question, not

having been adopted and enacted according to the provisions of the act of 1895, is invalid and void, and the injunction is continued until further order.

*Error assigned* was decree of the court.

*George H. Butler* and *D. L. Rhone*, with them *E. V. Jackson*, for appellants.—Neither the act of 1891 nor the act of 1895, contained a repealing clause, which is, in itself, a significant fact, and it cannot be successfully contended that either act was intended to or did repeal prior local and special laws relating to such proceedings: Hanover Borough's App., 150 Pa. 204.

Repeal by implication is not favored: Endlich on Interpretation of Statutes, 281; Sifred v. Com., 104 Pa. 179; Dickinson v. Dickinson, 61 Pa. 401; Barber's Contested Election, 86 Pa. 392; Brown v. Commissioners, 21 Pa. 37; Erie v. Bootz, 72 Pa. 196.

The act of 1851 relates only to boroughs, one kind of municipalities, and while not a local or special law, it may be regarded as a particular statute, which is not repealed by a general statute without negative words: Rymer v. Luzerne Co., 142 Pa. 108; Morrison v. Fayette County, 127 Pa. 110.

The act of 1895, infringes article III., section 3, of the constitution: Dorsey's App., 72 Pa. 192; Hanover Borough's App., 150 Pa. 204; Road in Phœnixville, 109 Pa. 44.

*William S. McLean*, for appellee.—This is a question of the repeal by implication of a strictly local statute by a subsequent general one. The act of 1851 is a general law, because its provisions apply to all the boroughs in the commonwealth. There is therefore in these matters an irreconcilable repugnancy, between the act of 1895 and the act of 1851, and a manifest intention on the part of the legislature to repeal the act of 1851 pro tanto: Gilchrist v. Strong, 167 Pa. 628; Endlich on Statutes, sections 210, 265; Howard Association's App., 70 Pa. 344; Oates v. First Nat. Bank, 100 U. S. 239.

The act is constitutional: Allegheny County Home's Case, 77 Pa. 77; State Line, etc., R. R. Co.'s App., 77 Pa. 429; Mauch Chunk v. McGee, 81 Pa. 433.

PER CURIAM, May 3, 1897:

The appeal of Hanover Borough, 150 Pa. 202, which was decided in 1892, is not conclusive of a question arising under the act of 1895. Upon the questions raised by this appeal, we are satisfied with the opinion of the learned judge of the court below, and the judgment is therefore affirmed.