# Borough of North Braddock v. the Central District and Printing Telegraph Company, a Corporation, Appellant.

*Boroughs—Electric light company—Reasonableness of license fees.*

Boroughs have equal power with cities to impose a license tax for the poles of an electric light company erected in the borough streets; the determination of the reasonableness of the amount of license fee to be charged lies in the discretion of the authorities in the first instance; it is not for the courts to determine whether a license fee is reasonable but whether it is so unreasonable as to demonstrate an abuse of discretion on the part of the authorities fixing the fee.

Argued April 10, 1899.  Appeal, No. 33, April T., 1899, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1898, No. 162, for plaintiff for want of a sufficient affidavit of defense.  Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter, W. D. Porter and Beeber, JJ. Affirmed.  Opinion by W. W. Porter, J.

Rule for judgment for want of a sufficient affidavit of defense. Before Frazer, J.

It appears from the record that this was an action brought by plaintiff, a municipal corporation, to collect from the defendant company a license fee of $1.00 per pole for each pole erected in the streets of the plaintiff borough by the defendant company, and $2.50 per mile for the wire strung thereon, the ordinance fixing the above license fee having been duly enacted by the proper authorities of the said borough.

The affidavit of defense set up that the imposition of the license tax is a regulation of interstate commerce; that the license fee on poles is unreasonable; that it is not based on the cost of inspection but is thirteen times more than a sum sufficient to defray all expenses; that the borough has not and does not maintain any inspection and has not incurred any expenses.

Other statements from the affidavit of defense are set out in the opinion of the Superior Court.

Judgment for plaintiff for $221.18.  Defendant appealed.

*Error assigned* was in making absolute rule for judgment.

*George E. Shaw*, with him *Knox & Reed*, for appellant.—In determining whether a license fee is reasonable or excessive, the cost of issuing the license, the expense incurred by the municipality in inspection, supervision and regulation of the business are the elements that control.  This is the rule adopted by all the authorities and we know of no exception.

The affidavit of defense in this case raises this issue.  It avers that the amount of the license fee imposed upon the defendant is twelve times more than sufficient to pay all expense to the borough occasioned by the defendant's business, as well as all liability and expense possibly to be incurred by reason of

the maintenance of the defendant's lines. It avers that the plaintiff maintains no inspection or regulation. It avers that the ordinance is not based upon the cost and expense to the borough for inspection or for any liability or expense that may be sustained by the borough by reason of the maintenance of the defendant's lines. It avers that the license tax is arbitrarily fixed without reference to any expense, liability or inconvenience, either incurred or possibly to be incurred on account of the maintenance of the defendant's lines. It avers that the license tax is not proportionate to the value of the property upon which the lines are located or to the obstruction to the highways or interference with travel or business occasioned thereby. And it contains other averments, which, if assumed to be true, as must be assumed on this rule, show that the ordinance is in fact enacted for the purposes of revenue, and imposes an excessive and burdensome tax upon the defendant.

Where the necessity demands it, the police power may be exercised to the exclusion of the business. The case of Philadelphia v. American Union Telegraph Company, 167 Pa. 406, and the case of the Western Union Telegraph Company v. Philadelphia, 22 W. N. C. 39, are not precedents in favor of entering this judgment. We do not question that they were rightly decided, but what is reasonable for the city of Philadelphia and what for the borough of North Braddock are two different things. Indeed, the conclusion to be drawn from those cases is that a fee similar to that charged in the city of Philadelphia is unreasonable in a country borough such as North Braddock.

These cases, we claim, are not authority to warrant the court in entering judgment on this rule. The affidavit of defense in this case was drawn in view of these decisions, and alleges unreasonableness in the ordinance of the borough of North Braddock and the grounds of unreasonableness with as much particularity as possible. If it is possible to inquire into the question, if the action of a borough council is not to be held conclusive of the matter, it seems to us that the affidavit of defense discloses allegations that cannot be ignored; for to admit the truth of these allegations and enter judgment non constat, is to oust the court of jurisdiction of the subject and make the action of the borough council final.

The principal decisions upon the questions involved in these

so-called license ordinances are to be found in the federal courts. The leading case upon the subject is that of St. Louis v. Western Union Telegraph Company. This case has been passed upon several times as follows : St. Louis v. Telegraph Co., 148 U. S. 92; St. Louis v. Telegraph Co., 149 U. S. 465; St. Louis v. Telegraph Co., 63 Fed. Rep. 68; St. Louis v. Telegraph Co., 166 U. S. 388.

The question has also been fully discussed by Judge DALLAS in the case of the City of Philadelphia v. Western Union Telegraph Company, 81 Fed. Rep. 948; 82 Fed. Rep. 797. This is a recent case, and involved the construction of an ordinance almost identical with the one in question, the only difference being that that ordinance was for the regulation of the matter in the populous city of Philadelphia, while the present ordinance relates to a country borough. Evidence was taken to show the cost to the city of issuing permits, inspecting lines and the exercise of police supervision. The license fee was the same as in the present case, $1.00 per pole and $2.50 per mile of wire. After discussing the evidence, Judge DALLAS says: "Therefore, I think that unreasonableness is as clearly apparent in this case as it was in that to which I have referred, and I remain of the opinion that the judgment in the latter was properly applied and followed upon this trial."

The same questions were discussed by Judge BUTLER in the case of the City of Philadelphia v. Western Union Telegraph Company, 40 Fed. Rep. 613.

*William Yost*, for appellee.—In W. U. Tel. Co. v. Philadelphia, 22 W. N. C. 39, HARE, P. J., on p. 41, says: "The question is not, would we name $1.00 as a reasonable fee, but is it so plainly in excess as to render it our duty to reverse the decision of councils?" And the Supreme Court affirmed this judgment.

The greater portion of the affidavit of defense is composed of vague and indefinite averments, and conclusions of law and fact, without stating the facts upon which the conclusions of law are founded. The mere bald assertion of unreasonableness in the amount of the license fee goes for nothing: Chester City v. W. U. Tel. Co., 154 Pa. 464; Boro. of North Braddock v. Second Avenue Traction Co., 8 Pa. Superior Ct. 233.

The only averments approaching the legal requirement that specific facts must be plainly stated in the affidavit of defense, are the following :

1. That the license fees in question are twelve times more than the expenses of inspection and regulation, etc.

This argument was held insufficient in Phila. v. Telegraph Co., 167 Pa. 406.

2. That the borough does not maintain any supervision and has not incurred any expense therefor.

This averment was held insufficient in Chester v. Telegraph Co., 148 Pa. 120. See also Allentown v. Telegraph Co., 148 Pa. 117.

3. That the borough is rural, that the highway is little used and almost impassable and runs through manufacturing sites, and that the license fees are not proportionate to the value of the property or obstructions to the highways.

These averments are mere assertions. No estimate of the population is given, although in fact it is over 6,000 people. The assertion that one road in the borough is out of repair and not used, though unwarranted in fact, is wholly irrelevant.

4. That the license fee is prohibitive, and so excessive as to destroy defendant's business, and if it was exacted in other municipalities would amount to the sum stated.

This is purely a conclusion, and wholly argumentative. No facts are given as to the extent of the defendant's business, and nothing from which the court can ascertain whether the conclusion asserted is true or not. Equally unsatisfactory is the assertion as to the amount of license fees that it would pay if all municipalities charged the same.

5. That a large portion of its business is interstate commerce.

This averment is very defective, but even if more fully set out it would be insufficient, as held in Philadelphia v. A. U. T. Co., 167 Pa. 406, and City of Allentown v. W. U. T. Co., 148 Pa. 117.

In conclusion we would suggest that the Supreme Court has distinctly ruled that the identical rate fixed in the borough ordinance in question, viz : $1.00 per pole and $2.50 per mile of wire, is a reasonable charge for inspection and regulation. No fact is averred in the affidavit of defense tending in the remotest degree to show that the amount fixed in the cases before the

Supreme Court is inapplicable to the circumstances of this case, and therefore we rest upon the citation of those cases, viz: City of Allentown v. W. U. T. Co., 148 Pa. 117; City of Chester v. P. R. & P. T. Co., 148 Pa. 120; Chester City v. W. U. T. Co., 154 Pa. 464; Philadelphia v. A. U. T. Co., 167 Pa. 406.

OPINION BY WILLIAM W. PORTER, J., July 28, 1899:

"Boroughs have equal power with cities to impose a license tax for the poles of an electric light company erected in the borough streets:" Ridley Park v. Light and Power Co., 9 Pa. Superior Ct. 615. The determination of the reasonableness of the amount of the license fee to be charged lies in the discretion of the borough authorities in the first instance. It is not for the courts to determine whether a license fee is reasonable, but whether it is so unreasonable as to demonstrate an abuse of discretion on the part of the authorities fixing the fee: Allentown v. W. U. T. Co., 148 Pa. 117; North Braddock Borough v. Traction Co., 8 Pa. Superior Ct. 233.

The affidavit of defense in this case has been drawn with professional skill in the light of the reported decisions. We are not convinced, however, that the defendant company has presented a state of facts which takes the cause out of the adjudicated cases. The allegation that the imposition of the license tax is a regulation of interstate commerce in violation of the provisions of the federal constitution is not a defense: Allentown v. W. U. T. Co., supra. The fifth paragraph of the affidavit alleges that the license fees of $1.00 for each pole, and $2.50 for each mile of wire are unreasonable. To support this allegation several statements of fact are made. It is said (1) that the license fees are not based upon the cost of inspection but are "thirteen times more than a sum sufficient to defray all expenses and charges that may have been or might be incurred by said borough by the most careful, thorough, and efficient inspection and supervision that might be made of the subject." In the light of the decision in Phila. v. A. U. T. Co., 167 Pa. 406, we are of opinion that this is not sufficient to prevent judgment. In that case the allegation was that the charges imposed were more than ten times the cost of the regulation of the poles and wires, and of all extraordinary expenses including liability for damages, loss and expenses of every nature.

The last clause makes the affidavit stronger than that in the present case in view of the opinion in the case of Chester City v. W. U. T. Co., 154 Pa. 464. (2) The further fact is alleged that the borough "has not and does not maintain any inspection . . . . and has not incurred any expenses." Such an allegation was not deemed sufficient by the Supreme Court to prevent the entry of judgment in the case of Chester City v. P. R. and P. T. Co., 148 Pa. 120. (3) We are unable to say whether the facts that the defendant's poles are located upon a little used highway running along land not adapted for building purposes, and upon a highway lying between the properties of a steel company make the cost of inspection and regulation greater or less than the performance of similar police duty in a large city. The conditions could scarcely be set out in sufficient detail to enable a court to pass upon the relative cost of proper municipal inspection and protection in the two cases. (4) The assertion that the amount of the fee is arbitrarily fixed and that the amount of the annual charge largely exceeds the cost of the defendant's maintenance of its own line, does not convict the borough of abuse of discretion in fixing the license fee. Such a comparison of cost involves too many elements of uncertainty to furnish a rule by which to measure the fidelity of the borough authorities. (5) The allegation that the license fee is so excessive as to destroy the defendant's business, is not sufficient to lead us to reverse the court below. The character, quantity and management of the defendant's business are involved in this allegation as well as the amount of the fee.

In many, if not in all of the cases cited herein, the amounts of the fees imposed have been the same as those in the present case. These have been held either to be reasonable, or not so unreasonable as to warrant the interference of the court. This does not mean that such a charge is under all circumstances reasonable. It may be that a case will arise in which the facts will demonstrate an abuse of discretion in the imposition of fees of similar or less amounts. The present case is, however, controlled as we believe by the judicial precedents found in the authorities cited.

The judgment is affirmed.