## Taylor Borough *v.* Postal Telegraph & Cable Company.

*Boroughs—License tax on telegraph poles and wires—Police power.*

A borough may impose a reasonable license tax upon telegraph poles erected in and telegraph wires running through the borough where it appears that the company owning the poles and wires was engaged both in intrastate and interstate business, although having no office in the borough itself.

The reasonableness of the fee is a question for the court and not for the jury, and the elements which enter into it are the necessary or probable expenses incident to the issuing of the license and the probable expense of inspection, regulation and police surveillance, and the possible liability of the city for accidents caused by the negligent care of the poles and wires. The measure of the reasonableness of the charge is not the amount actually expended by the borough in a particular year.

Argued Jan. 15, 1901. Appeal, No. 24, Jan. T., 1901, by defendant, from judgment of C. P. Lackawanna Co., March T., 1900, No. 447, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Taylor Borough v. Postal Telegraph & Cable Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover a license fee of $1.00 per pole, and $2.50 for each mile of wire owned by the defendant company in the borough of Taylor.

The affidavit of defense averred that the company was engaged in interstate and foreign business and that such business was conducted over the wires running through the borough; that no office was maintained by the company in the borough, and that the license fees were unreasonable inasmuch as they were not based upon the costs and expense to the borough for their inspection, supervision and regulation.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Frank R. Shattuck*, for appellant.

*J. M. Harris*, for appellee.

PER CURIAM, February 14, 1901

The defendant was incorporated under the laws of the state of New York, and by its acceptance of the restrictions and obligations required by the act of congress of July 24, 1866, 14 Stat. at L. 221, has acquired the powers and privileges conferred by that act. It has also paid to the commonwealth of Pennsylvania all taxes imposed by her laws. It has no office in the borough of Taylor, and its poles erected within, and its wires running through, the borough are used principally for the transmission of messages between the several states of the Union. No messages are received or sent in the borough, but it is not alleged that the wires are not used for the transmission of messages between different points within the commonwealth. If such were the fact, we may safely assume that it would have been alleged in the affidavit of defense. Being engaged in intrastate as well as interstate business, and its poles and wires within the borough limits being used for both purposes, we think it clear, both upon reason and authority, that it is subject to police regulation with respect to the same. It is equally well settled that the imposition of a reasonable annual license fee for each pole and each mile of suspended wire erected and maintained within the limits of the borough is a legitimate exercise of the police power delegated to cities and boroughs: Allentown v. Western Union Tel. Co., 148 Pa. 117; Philadelphia v. American Union Tel. Co., 167 Pa. 406; North Braddock v. Central District & Printing Tel. Co., 11 Pa. Superior Ct. 24. It seems to us, therefore, that the only open question, if there be any, is as to the reasonableness of the fee.

Clearly the reasonableness of the fee is not to be measured by the value of the poles and wires or of the land occupied, nor by the profits of the business. The elements which enter into the charge are the necessary or probable expense incident to the issuing of the license and the probable expense of such inspection, regulation and police surveillance as municipal authorities may lawfully give to the erection and maintenance of the poles and wires. Hence an affidavit of defense which averred that the fee was "wholly disproportioned to the usual, ordinary or necessary expense of municipal

officers of issuing licenses and other expenses thereby imposed upon the municipality" was held to be insufficient to prevent judgment in an action for the fee.   The Supreme Court said: "For the purposes of this case we must treat this averment as true as far as it goes.   The difficulty is it does not go far enough.   It refers only to the usual, ordinary or necessary expenses of municipal officers, of issuing licenses and other expenses thereby imposed upon the municipality.   It makes no reference to the liability imposed upon the city by the erection of telegraph poles.   It is the duty of the city to see that the poles are safe, and properly maintained, and should a citizen be injured in person or property by reason of a neglect of such duty, an action might lie against the city for the consequences of such neglect.   It is a mistake therefore to measure the reasonableness of the charge by the amount actually expended by the city for a particular year, to the particular purposes specified in the affidavit:" Chester v. Western Union Tel. Co., 154 Pa. 464.   It is clear, further, that the reasonableness of the fee is not a question for the jury, otherwise we would have one jury deciding upon the proofs adduced in a particular case that the fee was unreasonable, and another jury deciding upon the proofs adduced in another case that the same fee in the same municipality was reasonable.   Whether or not the fee is so obviously excessive as to lead irresistibly to the conclusion that it is exacted as a return for the use of the streets, or is imposed for revenue purposes, is a question for the court and is to be determined upon a view of the facts, not upon evidence consisting of the opinions of witnesses as to the proper supervision that the municipal authorities might properly exercise and the expense of the same.   Such a decision becomes a precedent which is to be regarded in other cases similarly situated.   Were it to be held otherwise, the law upon the subject would be in hopeless confusion and uncertainty.   We make these remarks because we cannot escape the conclusion that some of the averments of the affidavit of defense are, in reality, but the opinion of the defendant, undoubtedly honestly entertained, as to these matters.   They are not stronger than the averments in Philadelphia v. American Union Tel. Co., 167 Pa. 406; and the other facts averred do not distinguish the case from others in which a similar fee in boroughs has been held to

be not so obviously excessive as to warrant the courts in declaring the ordinance void.

The cases are collected in the opinion filed herewith in the case of New Hope v. Western Union Tel. Co.

Judgment affirmed.