# Mann's Choice Borough *v.* Western Union Telegraph Company, Appellant.

*Boroughs—Telegraph companies—License fee.*

The appellate court will not reverse a judgment in favor of a borough on a verdict against a telegraph company to recover a license fee, where the jury by its verdict decides that a license fee upon the telegraph company of $1.00 per pole and fifty cents per mile of wire strung within the borough limits, is not unreasonable.

Argued Oct. 28, 1902. Appeal, No. 107, Oct. T. 1902, by defendant, from judgment of C. P. Bedford Co., Nov. Term, 1901, No. 154, on verdict for plaintiff in case of Borough of Mann's Choice v. Western Union Telegraph Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover a license fee on telegraph poles and wires. Before BAILEY, P. J.

At the trial it appeared that the defendant had no office in the borough, and that the wires in question were used for a transmission of telegraphic messages between different states. A license fee of $1.00 per pole and fifty cents per mile of wire was imposed upon the company.

Verdict and judgment for plaintiff for $81.00. Defendant appealed.

*Error assigned* was in giving binding instructions.

*Edward F. Kerr*, with him *Willard Brown* and *Charles W. Wells*, for appellant.

*Daniel S. Horn*, for appellee.

OPINION BY WILLIAM W. PORTER, J., November 19, 1902:

The borough, plaintiff, imposed a license fee upon the telegraph company, defendant, of $1.00 per pole and fifty cents per mile of wire strung within the borough limits. By this appeal

the defendant company raises the question of the reasonableness of the fee imposed. All of the matters of law involved in the controversy have been often and clearly stated, but extenuation for the taking of this appeal is found in the fact that in New Hope Borough v. Western Union Tel. Co., 16 Pa. Superior Ct. 306, and Borough of North Braddock v. Central District and Printing Telegraph Co., 11 Pa. Superior Ct. 24, expressions are to be found indicating that a case may arise wherein the court will find that the unreasonableness of the license fee amounts to such an abuse of discretion as to require judicial intervention. This court in its decisions has followed the Supreme Court in sustaining fees which have been in some cases somewhat close to the line. The facts disclosed in the record now before us present a case within the circle of existing precedents wherefore we are constrained to affirm the judgment but it may, without impropriety, be again said that there is a point of unreasonableness at which judicial interference in the enforcement of such ordinances is not only warranted but demanded on a proper presentation of facts and that this point of interference is short of actual confiscation of corporate property by municipal legislation under the guise of license fees imposed in the exercise of the police power.

Judgment affirmed.