## Marcoz *v.* Wilmerding Borough, Appellant.

*Road law—Change of grade—Petition of property owner—Damages— Act of May 16, 1891, P. L. 75.*

A borough has the power to ordain the grading of a street without a petition having been presented by a majority of the owners of abutting property praying for the making of the improvement; and this power has not been taken away by the Act of May 16, 1891, P. L. 75, or by any later legislation, such as the Act of May 22, 1895, P. L. 106, relating to the opening, widening, straightening or extending of streets, or the Act of May 19, 1897, P. L. 79, relating to the imposition of assessments upon abutting property according to the "foot-front rule."

Borough authorities alone have the lawful authority to change the grade of streets, and a lawful contract between a borough and a street railway company which necessarily results in a change of grade of a highway, must be construed as an ordinance of the borough providing for such change, and the change itself is a municipal improvement, rendering the borough liable in damages for injuries to abutting property resulting therefrom.

Where a borough grants to a street railway company the right to use a street on condition that it shall grade and pave a portion of the street, the fact that the borough subsequently grades and paves those portions of the street outside of that part which the railway company graded and paved, does not relieve the borough from liability for injuries to property resulting from the change of grade made by the railway company; and damages for such injuries may be assessed under the Act of May 16, 1891, P. L. 75, without a preceding petition by property owners.

Argued April 16, 1908. Appeals, Nos. 109–118, by defendant, from judgments of C. P. No. 1. Allegheny Co., Dec. T., 1903, Nos. 1075–1083, on verdicts for plaintiffs in case of Mary Marcoz et al. v. Wilmerding Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from report of jury .of view.  Before SWEARINGEN, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiffs in various sums.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*H. M. Scott,* with him *Wm. H. Thompson,* borough solicitor, for appellant.—Boroughs have no lawful power to grade streets without prior petition of owners of abutting land, except in certain cases, specified by law, when they may grade parts, not exceeding 1,000 feet in length, of streets without such petition of abutting owners.  At the time the ordinances were passed and the work was done in these cases, the limitation was 500 feet: Palo Alto Road, 160 Pa. 104; Hanover Borough's App., 150 Pa. 202; Dorrance v. Dorranceton Borough, 181 Pa. 164; Verona Borough, 4 Pa. Superior Ct. 608; Pittsburg v. Walter, 69 Pa. 365; Fell v. Phila., 81 Pa. 58.

The work done by the street railway company in laying its track on State street to the official grade was not a municipal improvement within the meaning of the Act of May 16 1891, P. L. 75, and supplements: Lewis v. Homestead Boro., 194 Pa. 199; Larkin v. Scranton, 162 Pa. 289; Ninth Street, 7 Lack. L. N. 161.

The borough is further prejudiced because, by reason of the whole proceeding being irregular, unlawful and invalid, it cannot lawfully collect the assessments for benefits imposed by the viewers upon other owners of land abutting on State street, who did not join in the proceedings for the appointment of viewers: Scranton Sewer, 213 Pa. 4.

If appellees had any right of action it was an action of trespass against the street railway company, and not against the borough: Shawmont Ave., 5 Pa. Dist. Rep. 190; Nyhart v. Taylor Borough, 6 Lack. Jur. 310; Ogden v. Phila., 143 Pa. 430.

*Thomas E. Finley,* with him *George W. Herriott,* for ap-

pellees.—This case is ruled by the case of Lewis v. Borough of Homestead, 194 Pa. 199.

OPINION BY PORTER, J., October 12, 1908:

The borough of Wilmerding was incorporated in 1890 and its powers and liabilities are to be determined under the general borough laws of the commonwealth. The plaintiff is the owner of a lot abutting on State street in said borough, the grade of which was changed under the circumstances hereafter recited. The plaintiff presented her petition to the court below praying .for the appointment of viewers to assess the damages and benefits under the provisions of the Act of May 16, 1891, P. L. 75, and the several supplements thereto. The viewers having been appointed and having reported in accordance with the provision of the act, the defendant appealed and a jury trial upon that appeal in the court below resulted in a verdict in favor of the plaintiff. The defendant now appeals from the judgment on that verdict.

The grade of State street was duly established by an ordinance approved August 4, 1898. The borough by an ordinance regularly adopted and approved on May 13, 1902, granted to the Monongahela Street Railway Company, a corporation duly chartered under the laws of the commonwealth and authorized to receive such grant, the right to use and occupy, inter alia, more than 500 feet of State street. This ordinance by its terms made the grant subject to the conditions, that the railway should be made to conform to such grade or grades as are now or hereafter may be established by said borough and upon any change of the same shall then be made to conform to such changed grade, that the railway company should when constructing its railway grade and pave between the rails of its track and for one foot outside, over the whole route, that it should at the time it constructed its railway grade, pave and curb to the full width of at least twenty-one feet between curb lines the whole of the remainder of the aforesaid highways . . . . to the most easterly point within the borough limits on State street, and that the company should, at the same time, curb at the distance of ten and one-half feet from the center line of its

track or tracks along the north side of State street . . . . and grade and pave the entire space between said curb and its tracks. The ordinance further required that the grading, curbing and paving should be done under the· supervision of the borough engineer and be subject to his approval. The street railway company filed its acceptance of the provisions of this ordinance, entered upon the streets under the provisions of this grant, and has constructed its railway and done the grading and paving required by the ordinance, under the supervision of the borough engineer. The plaintiff seeks to recover damages for the injury to her property resulting from the change of grade. The defendant denies liability on two grounds: (1) There was no petition by the majority of owners of land abutting on the street praying the borough council to pass the ordinance; and (2) The work was not a municipal improvement for which the borough was liable.

The learned counsel representing the appellant concede that prior to the Act of May 16, 1891, P. L. 75, the authorities of a borough had power to ordain the grading of a street without a petition having been presented by a majority of the owners of abutting property praying for the making of the improvement. That this power did exist cannot be questioned, nor did the act of 1891 take away that power. Section 8 of that statute, which confers upon all municipal corporations the power to grade streets and assess the costs and expenses of the work upon property benefited, upon the petition of a majority in interest and number of the owners of property abutting on the line of the improvement, is as to these provisions precisely similar to section 9 of the statute which relates to the exercise of the power to open and widen streets. The effect upon existing legislation was the same in the case of the grant of power by each of these sections of the statute. Prior to this statute the borough authorities had power without a petition to open, widen or grade a street. The effect of section 9 of the statute upon the pre-existing power of the borough authorities to widen a street without a petition was considered by the Supreme Court in Hanover Borough's Appeal, 150 Pa. 202. It was there held that the power of a bor-

ough, of its own motion, to open or widen a street was not impaired by the act of 1891, providing for the passage of ordinances for such purpose upon the petition of a majority of property owners; that there was nothing repugnant in the existence of the two methods of initiating improvements; and that where a borough had properly passed an ordinance under the act of April 3, 1851, for the widening of a street, the proceedings to assess the damages and benefits resulting from the improvement might be taken under the act of 1891. That case rules the question arising out of the absence of a petition of property owners for the improvement in the present case. The Act of May 19, 1897, P. L. 79, applies only to those cases in which the borough authorities seek to impose assessments upon abutting property "according to the foot-front rule," it had no effect upon the general power of the borough authorities to grade streets without a petition, and that statute contains no repealing clause. The Act of May 22, 1895, P. L. 106, which was considered by the Supreme Court in Dorrance v. Dorranceton Borough, 181 Pa. 164, relates only to proceedings to open, widen, straighten or extend streets, and has no application to cases of grading and paving.

The borough council had absolute power to grant or refuse to permit the street railway company to enter upon the streets of the borough. They had the power to make the grant of the privilege subject to any lawful condition, the condition which the borough councils made a part of the grant was not unlawful, and the acceptance of the grant subject to the condition resulted in a lawful contract between the borough and the street railway company: Allegheny v. Gas & Pipeage Company, 172 Pa. 632; Borough of Duquesne v. Kunze, 7 Pa. Superior Ct. 313. The action of the street railway company, in grading and paving the street, was not unlawful; the company was legally bound to grade the street under its contract with the borough. This contract involved no expenditure of money by the borough, and the letting in this manner involved no violation of law. The railway company was as much the contractor of the borough as if the work had been done for a pecuniary consideration and after a bidding and

letting in all the forms required by law. Borough authorities alone have the lawful power to change the grade of streets, and a lawful contract by such authorities which necessarily results in a change of the grade of the highway, must be construed as an ordinance of the borough providing for such change. The change in the grade of this street which resulted from the execution of the ordinance of the borough was a municipal improvement, and the borough is liable. This question is ruled by Lewis v. Homestead Borough, 194 Pa. 199. That the borough subsequently graded and paved those portions of the street outside of that part which the railway company under the ordinance was required to grade, did not relieve the borough from liability for so much of the grading as this ordinance authorized: New Brighton Boro. v. Peirsol, 107 Pa. 280. Whether the owners of abutting property can escape liability for an assessment for the money expended by the borough in grading the sides of the street, which the railway company was not required to grade, may be a question: Philadelphia v. Evans, 139 Pa. 483. That question is not involved in this case.

The judgment is affirmed.