195     643
23 SC   440
23 SC   441
195     643
29 SC   163

# American Telegraph and Telephone Company of Pennsylvania *v.* Millcreek Township.

*Telegraph companies—Discretion of road commissioners as to the location of telegraph poles.*

A telegraph or telephone company by erecting its lines of poles in a certain place in a highway with the express or implied assent of the road authorities, does not thereby acquire a vested right perpetually to maintain said lines of poles in that particular location: and in after years if changed conditions render it necessary for the public good that such line of poles be moved to a different part of the highway, the road commissioners have the right in the proper exercise of their discretion to compel such removal.

Argued April 24, 1900. Appeal, No. 412, Jan. T., 1899, by plaintiff, from decree of C. P. Erie Co., Sept. T., 1899, No. 4, dismissing bill in equity in case of the American Telegraph and Telephone Company of Pennsylvania v . Millcreek Township and Richard H. Arbuckle, J. P. Zaun and Mathias Hartleb, road commissioners. Before GREEN, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear by the opinion of WALLING, P. J., which was as follows:

The above bill was brought to restrain defendants from removing or interfering with certain poles of plaintiff situate in the Buffalo road east of Erie city, etc. The case was heard upon bill, answer and testimony, from which the facts are found as follows:

1. That plaintiff is a telegraph and telephone company duly incorporated under the laws of Pennsylvania, and lawfully doing business therein.

2. That the Buffalo road is a public highway, leading easterly from Erie city through the township of Millcreek to and past a public road known as the Fagan road.

3. That the road commissioners of said township have charge and control of said highway, and that on August 1, 1890, the plaintiff asked and obtained from said road commissioners a

permit to erect a line of poles in said highway known as the Buffalo road, and that plaintiff during the same month erected said line of poles in said highway from the city of Erie to the said Fagan road. That the permit does not state the place in said highway where said poles were to be constructed, but they were, in fact, erected along the south side of said highway at a distance of about five feet from the property line where they have since remained, which location appears to have been given by one of the then road commissioners, and it was at that time satisfactory to the road commissioners of said township.

4. That by act of assembly approved April 14, 1863, P. L. 405, the road commissioners of Millcreek township are authorized to lay out sidewalks along the public roads in said township. Pursuant to which said road commissioners appear to have laid out a sidewalk along the south side of said Buffalo road, from Erie city easterly to and beyond said Fagan road, of the width of five feet, which said space so allotted as a sidewalk is now used by pedestrians passing along said road.

5. That said Buffalo road is of the width of fifty feet, and is the main thoroughfare leading eastwardly from Erie city, and is largely used by the public in all the ordinary ways of a modern suburban highway. The travel thereon has been greatly increased since 1890, and since said date many residences have been built on both sides of said highway.

6. That the mode of working upon and improving public highways has greatly changed since 1890, and at present such work is done largely by road machines. And a majority of plaintiff's said poles now stand as originally intended, about five feet from the property line, but some of said poles stand distances from the property line varying from three and one half feet to six and one half feet. And all of said poles interfere more or less with the present method of working said highway, and also are an injury to said highway in some places by standing in and obstructing the free flow of water in the gutter.

7. That said poles as so located are a serious inconvenience and damage to said township in working said road, and a slight inconvenience to the public traveling thereon; and that if set along the property line on the south side of said highway they would not interfere at all with the working of said road, and

would be away from the gutter and would not interfere with public travel.

8. That said road commissioners have recently granted a street railway company the right to build and operate a line of electric railway in said highway, which, if built, would greatly facilitate public travel on said highway, and which would be obstructed by said poles as now located.

9. That the road commissioners of said township, as they believe, for the best interests of the public have ordered above plaintiff to move its poles from the present location to the property line on the south side of said highway. And plaintiff has been duly notified to that effect.

10. That plaintiff has some fifty-five poles affected by said order and it will probably cost several hundred dollars to make the change, especially as some longer poles will be needed to carry the wires over shade trees along the line. Yet plaintiff paid nothing for its present location in the street, and the place offered is a reasonable substitute thereof.

### LEGAL CONCLUSIONS.

1. That plaintiff has the right to maintain a line of poles in the Buffalo road between the city of Erie and the Fagan road, subject to the right of the road commissioners of Millcreek township to control the place in said road where said poles shall be located.

2. That a telegraph or telephone company by erecting its line of poles in a certain place in the highway, with the express or implied assent of the road authorities, does not thereby acquire a vested right to perpetually maintain said line of poles in that particular location. And in after years if changed conditions render it necessary for the public good that such line of poles be moved to a different part of the highway, the road authorities have the right to compel such removal.

3. That the road commissioners of Millcreek township are justified under the facts of this case in requiring the plaintiff to remove its said line of poles from their present location to the south line of said Buffalo road. And that such removal should be at the plaintiff's expense.

4. That the bill in above case should be dismissed at the costs of the plaintiff.

DISCUSSION.

It is not necessary here to decide upon the relative rights of plaintiff and an electric street railway which came later upon the street, as the situation of the street is such as to justify the road commissioners in requiring said line of poles to be removed to the property line without reference to any franchise given to the railway company.

The action of the road commissioners is not arbitrary in this case. They are here simply carrying out a general order for the placing of all poles in highways in said township on the property line.

It appears very clear to me that the road authorities do not lose control of any part of the highway by permitting the erection of a pole line therein. For if a pole line once located could always be maintained on such location, no matter what changes might occur in the use of such highway, great damage would be done to the public.

A telegraph or telephone line in a highway serves no purpose of public travel and must be so located and so maintained as not to materially interfere with ordinary public travel on such highway.

There is no very great hardship to plaintiff in this case. Its line has stood there for nearly ten years, and now when changed conditions and increased travel make it desirable for the public good that the pole line should be changed, I see no reason why the defendants should not order such removal.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*J. Ross Thompson, of J. Ross Thompson & Son,* for appellant. —Telegraph companies are common carriers of commerce: Pensacola Tel. Co v. West. Union Tel. Co., 96 U. S. 1; West. Union Tel. Co. v. Mass. 125 U. S. 530; St. Louis v. West. Union Tel. Co., 148 U. S. 92.

It was not for the public good that the change of location was required, but for the accommodation of a private railroad.

The road commissioners have the right to grant a license or permission to a corporation to occupy the public highway, but this must not be to the detriment of prior grants: St. Louis v. Western Union Tel. Co., 148 U. S. 92.

*John S. Rilling*, with him *Henry E. Fish*, for appellees.—It is within the power of the road commissioners to direct the proposed change in location of complainant's poles if in their opinion the safety and convenience of the traveling public will be promoted thereby. Such power rests largely in their discretion, and if the said change be required in good faith, and the same be not clearly unjust, corrupt or oppressive, it is final, and the courts will not interfere with their action, for they, rather than the courts, are the judges of the necessity and expediency thereof: Act of April 13, 1843, P. L. 217; Michigan Telephone Co. v. Charlotte, 93 Fed. Repr. 11; Monongahela City v. Monongahela Electric Light Co., 3 Pa. Dist. Rep. 63; St. Louis v. Western Union Tel. Co., 148 U. S. 92; Postal Tel. Cable Co. v. Baltimore, 156 U. S. 210; Prentice on Police Powers, 183; State v. Murphy, 6 Am. Elec. Cases, 64; Croswell on Electricity, 183, sec. 214; Hudson River Telephone Co. v. Watervliet Turnpike, etc., Co., 135 N. Y. 393; Central Pennsylvania Telephone, & Supply Co. v. Wilkes-Barre, etc., Ry. Co., 11 Pa. C. C. R. 417; Wisconsin Telephone Co. v. Eau Claire St. Ry. Co., 3 Am. Elec. Cases, 383; East Tennessee Telephone Co. v. Knoxville Street R. R. Co., 3 Am. Elec. Cases, 400; Cincinnati Incline Plane Ry. Co. v. City and Suburban Telegraph Assn., 48 Ohio, 390.

PER CURIAM, May 7, 1900:

We are clearly of opinion that the location of the poles and wires of the plaintiff company was a matter which was within the reasonable control of the road commissioners, and we find no evidence of any abuse of their discretion on the record. We affirm the decree upon the findings of fact and conclusions of law contained in the opinion of the learned court below.

Decree affirmed and appeal dismissed at the cost of the appellant.