# American Telegraph and Telephone Company, Appellant, *v.* Harborcreek Township.

*Telegraph and telephone companies—Use of public roads—Road commissioners—Regulations.*

In the discharge of the duty imposed by law upon road commissioners, to keep public roads and highways clear of all impediments to easy and convenient passing and traveling, those officers are vested with a discretion to make reasonable regulations, to which those who have rights in the highway must conform. The act of congress of July 24, 1866, empowering telegraph companies to construct their lines along any post road, has not the effect of putting such companies beyond municipal control with respect to the use of the highways.

When upon the opening of a road, or the original construction of a telegraph line in an existing highway, the road commissioners have adopted such regulations as they may at that time deem expedient, their power of regulation is not thereby exhausted; they may adopt and enforce such new regulations as increased traffic and changed conditions may require. When the road commissioners have adopted such regulations, the court will not interfere in the absence of evidence establishing an abuse of discretion.

The road commissioners of a township have a right to adopt a regulation requiring all telegraph lines to be erected along the property line; and the courts will construe such a regulation as meaning that the poles shall be placed on that part of the highway next to the property line, in such a way that all the necessary parts of the poles shall be within the highway.

Argued May 19, 1903.   Appeal, No. 106, April T., 1903, by plaintiff, from decree of C. P. Erie Co., Sept. T., 1901, No. 7, dismissing bill in equity, in case of American Telegraph and Telephone Company v. Harborcreek Township et al.   Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Bill in equity for an injunction.   Before WALLING, P. J.

The court filed the following opinion.

The bill in above case was filed to restrain the defendants from interfering with plaintiff's telephone poles situate in a public road in defendant township. The question involved is the right of the road authorities of a township to compel a change of location in a public road, of a line of telephone or telegraph poles.

The case was heard upon bill, answer, replication and testimony, and the facts are found as follows :

1. The plaintiff is a telegraph and telephone company duly incorporated under the laws of Pennsylvania, and lawfully doing business therein.

2. That there is a much traveled public highway leading from Erie, Pennsylvania, to Buffalo, New York, called the Buffalo road, which passes through the defendant township.

3. That in August, 1890, the plaintiff, with the knowledge, but without the express consent of the road authorities of the defendant township, constructed a line of telegraph and telephone poles in and upon said highway and extending along the same for the distance of about three miles.

4. That by a special act of the legislature, approved March 21, 1865, P. L. 496, the road authorities of said township of Harborcreek are authorized to construct and maintain sidewalks along the public streets therein, not to exceed six feet in width, and said line of poles was set in said street about six feet from the property line, apparently so that said poles would stand about on the curb line when such walks were constructed. A few of said poles, however, near a railroad crossing, were, at the request of the township road authorities, set along the property line, so as to render the highway safer in case of horses becoming frightened at the cars, and those few poles stand now where they were first set and are not in controversy. The road authorities gave no directions as to the location of the balance of said poles, but appear to have made no objections to their being set along said curb line, and they stood there, without protest, for about eleven years.

5. That said Buffalo road is of the width of fifty feet, but about ten feet thereof is occupied by a street railway, constructed therein during the year 1901, with the consent of the road authorities of said township, which leaves about forty feet for roadway, sidewalk and gutters, and said poles standing six feet in the road leaves about thirty-four feet for roadway and gutters.

6. That the said poles standing along the curb line are an inconvenience and damage to said township in working said road with modern road machines ; and also interfere with the safety and convenience of the public traveling upon said high-

way, especially owing to the liability of horses to take fright at the electric street cars now in use upon said highway. That conditions in said street have changed since the construction of said pole line, and that public safety and convenience will be promoted by the removal of said poles to the property line.

7. That the roads of said township are under the management and control of a board of three road commissioners. And at a regular meeting of said road commissioners on May 6, 1901, a resolution was unanimously adopted requiring all telephone companies occupying highways in said township, including the plaintiff, to remove their poles to the property line or the road within thirty days, of which resolution the plaintiff had due notice, but neglected to comply therewith. And, on July 16, 1901, the said commissioners notified plaintiff that the poles must be removed at once or they would be cut down. Shortly thereafter plaintiff filed its bill in this case and obtained a preliminary injunction restraining defendants from interfering with said poles. Subsequently the injunction was dissolved as to all poles, which interfered with the construction of said electric street railway and such poles, to the number of one hundred and two, were removed by the plaintiff to the property line. That there yet remain standing at the curb line in said street ninety-six of the plaintiff's poles, all of which, except a few in the village of Harborcreek, defendants contend should be removed to the property line of the street. As to those in the village, by reason of shade trees and other circumstances, it would seem best that they remain where they now stand upon the curb line. That it costs from five to eight dollars each to remove said poles to the property line. That defendants never intended to interfere with the poles in said village.

8. That, in ordering the removal of said poles to the property line, the defendant road commissioners acted in good faith and for what they believed to be for the best interests of the township and the public. And that the location along the property line is a reasonable substitute for the place in said street heretofore occupied by plaintiff's poles.

### LEGAL CONCLUSIONS.

1. That plaintiff has the right to maintain a line of poles in the Buffalo road in Harborcreek township, but the road com-

missioners of said township can control the place in said road where the poles shall be located.

2. That a telegraph or telephone company by erecting its line of poles at a certain place in the highway, with or without the consent of the road authorities, does not thereby acquire a vested right to perpetually maintain said line of poles in that particular location. And, in after years, if changed conditions render it necessary for the public good that said line of poles be removed to a different part of the highway, the road authorities have the right to compel such removal.

3. That, under the facts above found, the road commissioners of Harborcreek township are justified in requiring the plaintiff to remove its said poles to the property line of said street, and that such removal should be at plaintiff's expense.

4. That this case is a duplicate of that of American Telegraph and Telephone Company of Pennsylvania v. Millcreek Township, 195 Pa. 643, and is governed thereby.

5. That the bill in above case should be dismissed at the costs of the plaintiff, and the injunction dissolved.

*Error assigned* was the decree of the court.

*J. Ross Thompson & Son*, for appellants.—We contend that to compel the appellants to place their poles at the place designated by the commissioners of Harborcreek township would be to deny them the rights and benefits conferred on the company by the act of congress passed July 24, 1866, and the act of assembly of April 29, 1874, and also deny them the benefit of their franchise under their act of incorporation dated January 13, 1885, and thus defeat the purpose for which the appellant company was incorporated.

*Frank Gunnison*, for appellees.—The power of the road commissioners to direct a change of location of poles to the property line was sustained in American Telegraph and Telephone Company of Pennsylvania v. Millcreek Township, 195 Pa. 643, and Monongahela City v. Monongahela Electric Light Co., 3 Pa. Dist. Rep. 63.

The learned counsel for the appellant has attempted to raise a question in this court, which was not raised or considered by

court or counsel below. He desires this court to say that by directing the plaintiff to place its poles wholly in the highway, but at the property lines the commissioners compel it to occupy private property as to one half of its cross arms; that it has no power of eminent domain, and cannot so occupy private property without the consent of the property owner. It is sufficient reply to this position to say that this question will not be considered by this court, when it was not raised in the court below : Ulysses Elgin Butter Co. v. Hartford Fire Ins. Co., 20 Pa. Superior Ct. 384.

OPINION BY W. D. PORTER, J., October 5, 1903 :

In the discharge of the duty imposed by law upon road commissioners, to keep public roads and highways clear of all impediments to easy and convenient passing and traveling, those officers are vested with a discretion to make reasonable regulations, to which those who have rights in the highway must conform. The act of congress of July 24, 1866, empowering telegraph companies to construct their lines along any post road, has not the effect of putting such companies beyond municipal control with respect to the use of the highways : American Rapid Telegraph Company v. Hess, 125 N. Y. 641 (26 N. E. Repr. 919); Richmond v. Southern Bell Telegraph & Telephone Company, 85 Fed. Repr. 19; 174 U. S. 761 (19 Supreme Ct. Repr. 778); Postal Telegraph & Cable Company v. Charleston, 153 U. S. 692 (14 Pa. Supreme Ct. Repr. 1094); Michigan Tel. Co. v. Charlotte, 93 Fed. Repr. 11. When upon the opening of a road, or the original construction of a telegraph line in an existing highway, the road commissioners have adopted such regulations as they may at that time deem expedient, their power of regulation is not thereby exhausted; they may adopt and enforce such new regulations as increased traffic and changed conditions may require. When the road commissioners have adopted such regulations, the court will not interfere in the absence of evidence establishing an abuse of discretion : American Telegraph & Telephone Company v. Millcreek Township, 195 Pa. 643. The road commissioners of Harborcreek township have adopted a regulation requiring all telegraph lines to be erected along the property line. The right of the appellant to construct its line within the highway is not

controverted, nor was it averred in the bill or suggested in the evidence that the enforcement of these regulations would require the appellant to occupy private property outside the line of the highway. All parties to this controversy proceeded in the court below upon the theory that this regulation required the removal of the poles of the appellant to that part of the highway next to the property line, which is the only reasonable construction that could have been put upon the regulation. The learned counsel for the appellant now argues that if the poles are so placed, the cross-arms carrying the wires must upon one side extend over private property; there was no allegation of this character in the bill, and it is not sustained by testimony; so far as the averments of the pleadings and the evidence in the case are concerned, the line might have been erected without cross-arms upon the poles, or with arms upon one side. If cross-arms are a necessary part of the poles, then the regulation would have to be construed with a view to that necessity, and the poles so placed that the entire line would be within the highway. The regulation in question does not seem to have involved an abuse of discretion, and for the reasons given by the learned judge of the court below, the decree is affirmed and the appeal dismissed at cost of the appellant.