# Commonwealth, Appellant, *v.* Peoples Natural Gas Company.

*Public service corporation—Natural gas companies—Indictment for nuisance—Act of May 29, 1885, P. L. 29.*

The Act of May 29, 1885, P. L. 29, providing for the incorporation of natural gas companies does not exempt such companies from criminal prosecution for maintaining a nuisance.   Section 12 of said act provides for a particular method of determining disputes between natural gas companies and the municipalities through which they extend their lines.   There is nothing in the act which

exempts such companies from prosecution in the criminal courts and an indictment which sufficiently charges the defendant company with maintaining a nuisance will be sustained.

Argued April 23, 1919.   Appeal, No. 36, April T., 1919, by Commonwealth, from judgment of Q. S. Westmoreland Co., November T., 1917, No. 72, quashing indictment in the case of Commonwealth of Pennsylvania v. The Peoples Natural Gas Company, a Corporation.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Reversed.

Indictment for maintaining a nuisance.   Before MCCONNELL, P. J. -

The facts are stated in the opinion of the Superior Court.

On motion, the court below quashed the indictment. Commonwealth appealed.

*Error assigned* was the order of the court quashing the indictment.

*Charles C. Crowell,* and with him *N. A. Cort,* for appellant.—The Act of May 29, 1885, P. L. 29, does not exempt a natural gas company from criminal prosecution for maintaining a nuisance: Ganster v. Metropolitan Electric Company, 214 Pa. 628; Rodgers v. Philadelphia Traction Company, 182 Pa. 473; Bigler Township v. Scarano, 23 D. R. 91; The Northern Central Ry. Co. v. Commonwealth, 90 Pa. 300; Pittsburgh, etc., Ry. Co. v. Commonwealth, 101 Pa. 197; P. V. & C. Ry. Co. v. Commonwealth, 101 Pa. 192; The Commonwealth v. The Pennsylvania R. R. Co., 117 Pa. 637; Kelly v. The Commonwealth, 11 S. & R. 344.

*Christy Payne,* and with him *Gaither & Whitten,* for appellee.—Any action against the defendant must be in accordance with the provisions of the Act of May 29, 1885, P. L. 29: Lamb v. Pike Township, 215 Pa. 516; Dutton v. Lansdowne Boro., 198 Pa. 563; Edge v. Com-

monwealth, 7 Pa. 275; Commonwealth v. Meany, 8 Pa.
Superior Ct. 224; Fort. Pitt Gas Co. v. Borough of
Sewickley, 198 Pa. 201; Parkin v. New Kensington
Borough et al., 262 Pa. 433; Curan v. Delano, 235 Pa.
478.

Opinion by Porter, J., October 13, 1919:

The indictment in this case charged the defendant with
wilfully and unlawfully digging, opening and maintain-
ing a certain ditch on and across a certain public high-
way, to the great damage and injury of the public and to
the common nuisance of the citizens of the Common-
wealth of Pennsylvania lawfully using and traveling
upon said public road. There can be no question that the
indictment must have been held to be entirely sufficient
had the defendant been an individual, or a corporation
other than a natural gas company. The defendant
moved to quash the indictment, upon the ground that it
was incorporated as a natural gas company, under the
provisions of the Act of May 29, 1885, P. L. 29, which
permits a natural gas company to lay its pipes "upon and
over, under and across, any......roads, streets or other
public highways," that the court of quarter sessions is
without jurisdiction to inquire whether such a company
has in the exercise of that right been guilty of creating
and maintaining a public nuisance in the highway, and
that the jurisdiction to redress the wrong, if any, is by
the statute vested in the court of common pleas. The
learned judge of the court below held that the Act of
1885 was designed to be a complete act to control and
regulate the manner in which natural gas companies
exercise their right to use the public highways and that
the court of quarter sessions was without jurisdiction to
try such a corporation for maintaining a nuisance in a
public highway, and sustained the motion to quash. The
Commonwealth appeals from that order.

The right of a private corporation to break up the pub-
lic highways of the State in the exercise of the franchise

conferred upon it by an act of assembly, is necessarily subject to the general law of the Commonwealth that public roads and highways shall be kept clear of all impediments to easy and convenient passing and traveling, and to reasonable municipal regulations of the district within which they are located, unless specially excluded by the act conferring the right: Commissioners of Northern Liberties v. Gas Company, 12 Pa. 318; Frankford, etc., Railway Co. v. Philadelphia, 58 Pa. 119; Johnson v. Philadelphia, 60 Pa. 445. The legislature did not in the Act of 1885 leave this question to be determined by the application of general principles, but expressly wrote it into the statute. Section 11: "The right to enter upon any public lane......or highway for the purpose of laying down pipes, altering, inspecting and repairing the same, shall be exercised in such way as to do as little damage as possible to such highways, and to impair as little as possible the free use thereof, subject to such regulations as the councils of any city may by ordinance adopt." This left the corporations not only subject to the general laws of the Commonwealth but to reasonable police regulations imposed by cities. The statute does not expressly confer upon borough or township authorities the power to impose regulations, but the power to make reasonable regulations, to which those who have rights in the highways must conform is by the general law vested in the officers whose duty it is to maintain the highways in safe condition: American Telegraph & Telephone Co. v. Millcreek Township, 195 Pa. 643; Telegraph & Telephone Co. v. Harborcreek Township, 23 Pa. Superior Ct. 437.

The legislature clearly recognized the right of the authorities of boroughs and townships to impose regulations upon natural gas companies occupying the highways, by providing, in the 12th section of the statute, that disputes with regard to such regulations should be determined by the court of common pleas. The 12th section of the statute contains the provisions which the

court below held to exempt this corporation from being called upon to answer in the court of quarter sessions for any nuisance which it might maintain in a public highway. The section reads as follows: "In all cases where any dispute shall arise between such corporations, and the authorities of any borough, city, township or county, through, over or upon whose highways, pipes are to be laid, as to the manner of laying the pipes, and the character thereof, with respect to safety and public convenience, it shall be the duty of the court of common pleas of the proper county 'upon the petition of either party to the dispute, upon a hearing to be had, to define by its decree what precautions, if any, shall be taken in the laying of pipes, and, by injunction to restrain from being laid in any other way than as decreed. It shall be the duty of the court to have a hearing and make its decree with all convenient speed and promptness...... Proceedings shall be had in like manner upon like petition when and as often as any dispute arises as to pipes already laid to define the duty of such corporation as to their relay, repair, amendment or improvement." The statute contains other provisions clearly disclosing that the legislature believed that natural gas, the element in which the companies proposed to deal, might under some conditions become dangerous, and that it would be proper for the local authorities to adopt special regulations with a view to guard against such danger. It was no doubt for this reason that cities were given power to make special regulations with regard to such corporations. The authority thus delegated to the councils of cities, however, was limited, and they have no power to legislate on any and every subject directly or indirectly connected with the general subject. The matters which the court of common pleas was given jurisdiction to determine, by this section of the statute, were disputes arising between the local authorities and natural gas companies, "as to the manner of laying the pipes and the character thereof, with respect to safety and public convenience." The

legislature foreseeing that disputes would probably arise between the local authorities and natural gas companies as to the manner in which the pipes should be laid, the part of the highway along which they should be located, the depth to which they should be buried and the precautions necessary to be taken in transporting an element which might become dangerous, and that it would be impracticable as well as unsafe to subject the latter to the absolute control of the former, even in regard to regulations which the local authorities were authorized to adopt, wisely provided, in the 12th section, a speedy remedy for the determination of these disputes. The disputes are such only as arise from the attempted enforcement of local regulations: Appeal of the City of Pittsburgh, 115 Pa. 4.

The statute permits a natural gas company to lay its pipes "upon and over, under and across" public roads, but permission is not given to such company to so lay its pipes as to make travel over such public highways unsafe; nor does the act relieve township authorities from seeing that the roads under their supervision continue to be safe for public travel: Lamb v. Pike Township, 215 Pa. 516. The fact that the statute gave a specific remedy for the settlement of disputes between the local authorities and the companies did not impair the separate right of the Commonwealth to indict either the natural gas companies, or the local authorities, for maintaining an unlawful obstruction or dangerous pitfall in a public highway: Northern Central Ry. Co. v. Commonwealth, 90 Pa. 300. The 12th section of the Act of 1885 prescribes a mode of determining certain disputes that may arise between the local authorities and the gas companies, but this section cannot fairly be construed as taking away the power of the local authorities to ordain reasonable general regulations for the purpose of keeping the highways safe and convenient for public travel. This court decided, in Edgewood Boro. v. Scott, 29 Pa. Superior Ct. 163, that an employee of a natural gas company

is liable to the penalty for violation of a reasonable general police regulation, ordained by a borough, applying to all individuals and corporations making openings in a street.  The defendant in that case was an employee of the Peoples Natural Gas Company, the present appellee, and it was contended in his behalf that the Act of 1885 exempted such companies and their employees from the operation of police regulations ordained by municipalities; that such companies were absolutely free to do as they pleased in the public highways, so long as there has been no appeal to the court of common pleas of the county and a decree by that court defining the manner in which pipes shall be laid.  We there held that this contention could not be sustained.  The mere fact that this defendant may have violated some police regulation would not render it liable to indictment for maintaining a public nuisance.  If it was maintaining an open ditch along and across the highway for an unreasonable length of time, or if it had so negligently filled its ditches that the subsidence of the filling left dangerous pitfalls it may have been guilty of the offense with which it is charged.  We cannot anticipate what the evidence at the trial may be, all that we decide is that the indictment sufficiently charges the defendant with maintaining a public nuisance, and that the statute does not exempt this corporation from prosecution for such offense.

The order of the court below is reversed, the indictment is reinstated, and the record is remitted for further proceedings.