# Fort Pitt Gas Company v. The Borough of Sewickley.

*Natural gas companies—Relaying and repairing of pipes—Boroughs—Act of May 29, 1885, P. L. 29, sec. 12.*

A dispute which arises from the denial of the right of a natural gas company to make excavations in a street in order to reach and repair its pipes without paying a certain license fee to a borough, is a dispute within the meaning of the twelfth section of the act of May 29, 1885, which gives the courts power to define the duties of natural gas companies as to relaying and repairing their pipes.

198    201
c 29 SC ²165
198    201
33 SC 485
198    201
388C 607
198    201
227    388

Where a borough arbitrarily and in a spirit of resentment increases a fee imposed on natural gas companies for a permit to open streets from fifty cents to $3.00 for unpaved and $5.00 for paved streets, the court of common pleas may properly reduce the fee to fifty cents for unpaved and $2.00 for paved streets.

Argued Oct. 25, 1900. Appeal, No. 120, Oct. T., 1900, by defendant, from order of C. P. No. 3, Allegheny Co., May T., 1900, No. 362, modifying borough ordinance in case of Fort Pitt Gas Company v. The Borough of Sewickley. Before Mc-Collum, C. J., Mitchell, Fell, Brown and Mestrezat, JJ. Affirmed.

Petition by a natural gas company to declare a borough ordinance null and void, and to define the duty of the petitioner as to relaying, repairing, mending and improvement of its pipes.

From the record it appeared that the borough of Sewickley passed an ordinance requiring any person who dug up or excavated a street to take out a permit, for which the charge was fixed at the sum of $3.00 for every fifty feet of unpaved streets excavated, and $5.00 for the amount of asphalt, brick or macadam pavement disturbed not exceeding ten square yards, and for every square yard in excess fifty cents per square yard. A deposit of $10.00 was required by the ordinance. The Fort Pitt Gas Company claimed that the ordinance was unreasonable, and filed its petition accordingly. The court in an opinion by Kennedy, P. J., sustained the petition and entered the following decree:

And now, to wit: June 30, 1900, the within cause came on for hearing, upon petition, answer and replication filed, and testimony taken and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the ordinance of the borough of Sewickley, No. 269, in so far as the same affects or controls the action of the defendant company, in the laying, relaying and repairing of its pipes in the streets and highways of the said borough be and the same is hereby modified as follows, viz :

1. For all openings on paved streets or highways in the said borough of Sewickley, the said borough is authorized to charge and receive a deposit of $4.00, to be received by the borough

engineer, or such other proper officer as the borough may authorize and direct to receive the same, as a license fee for opening said streets.   Of which sum the borough shall return, upon completion of the work to the satisfaction of the borough engineer, the sum of $2.00 ; however, in case more than ten square yards are excavated, an additional charge of twenty cents per square yard may be made by the borough.   The provision as to refilling the said excavations and for the proper resurfacing of the same to be as provided in said borough ordinance and subject to the supervision and control of the borough engineer.

2. In case of unpaved streets, the borough is authorized to charge and receive a deposit or fee for the license to open said unpaved streets or highways, for the purpose above named, of $1.00 ; of which sum the borough shall return, upon completion of the work to the satisfaction of the borough engineer, the sum of fifty cents ; however, in case said excavation is over fifty lineal feet an additional fifty cents may be charged by said borough for each additional fifty feet or fraction thereof. The provisions as to refilling the said excavations and for the proper resurfacing of the same to be as provided in said borough ordinance and subject to the supervision and control of the borough engineer.

3. The said borough of Sewickley shall make proper provision for an officer to furnish the said license or receipt for license fees, and to give the necessary permission for opening the said streets, at all times, and, in case of emergency or threatened injury, shall issue the necessary license after the excavation has been made.

4. The provision in said ordinance that no excavation shall remain open for more than twenty-four hours shall receive a reasonable construction on the part of the borough authorities and same is not to be applied in those cases where such excavation is under the circumstances necessarily left open for more than that period.

5. That the borough of Sewickley shall pay the costs of this proceeding.

*Error assigned* was the decree of the court, quoting it.

*Charles M. Thorp,* with him *Charles A. Woods,* for appellant.

—In a proceeding under section 12 of the act of May 29, 1885, P. L. 29, the court below had no jurisdiction to enter a decree cutting down the amount of the license imposed by the borough of Sewickley upon persons making openings in the public highways of the borough.

The borough has the power to impose license fees upon persons making openings in its streets, and the license fees fixed by this ordinance are reasonable: Sayre Boro. v. Phillips, 146 Pa. 482; Warren Boro. v. Geer, 117 Pa. 203; Western Union Tel. Co. v. Phila., 22 W. N. C. 39; Allentown v. Western Union Tel. Co., 148 Pa. 117; Chester v. Phila., etc., Telegraph Co., 148 Pa. 120; Chester v. Western Union Tel. Co., 154 Pa. 464; Ridley Park v. Citizens' Electric Light and Power Co., 9 Pa. Superior Ct. 615; Taylor Boro. v. Central Penna. Tel. and Supply Co., 8 Pa. Dist. Rep. 92; Bethlehem v. Penna. Tel. Co., 4 North. 389; Philadelphia v. American Union Tel. Co., 167 Pa. 406; North Braddock Boro. v. Central Dist., etc., Telegraph Co., 11 Pa. Superior Ct. 24; Borough of Lansdowne v. Springfield Water Co., 7 Del. Co. Rep. 506.

*Thomas Patterson* and *Edwin S. Craig*, for appellee.—The court had jurisdiction: Kiskiminetas Twp. v. Conemaugh Gas Co., 14 Pa. Superior Ct. 67.

The fee fixed by the court was reasonable: Northern Liberties v. Northern Liberties Gas Co., 12 Pa. 318; Allegheny City v. Millville, etc., Street Ry. Co., 159 Pa. 411; Philadelphia v. Empire Pass. Ry. Co., 177 Pa. 382; Kneedler v. Norristown Boro., 100 Pa. 368; Millerstown Boro. v. Bell, 123 Pa. 151; Chester v. Western Union Telegraph Co., 154 Pa. 464.

OPINION BY MR. JUSTICE FELL, January 7, 1901:

This appeal is from a decree regulating the granting of permits by the borough of Sewickley to the Fort Pitt Gas Company for opening the highways and streets of the borough in order to lay, relay and repair the company's pipes used for the conveyance of natural gas, and fixing the fee to be charged for such permits. The proceedings in the common pleas were under the twelfth section of the Act of May 29, 1885, P. L. 29. The objections urged to the decree are (1) the jurisdiction under the act is limited to cases where the dispute relates to

the manner of laying, relaying or repairing pipes with respect to the public safety and convenience ; (2) the fee fixed by the borough ordinance was reasonable and should not have been reduced by the court.

We do not assent to the narrow construction of the act contended for by the appellant.  The act is entitled, " An act to provide for the incorporation and regulation of natural gas companies."   The twelfth section, after providing for the settlement by the court on petition of either party of all disputes which may arise between natural gas companies and the authorities of any borough, city, township or county through or over whose highways pipes are to be laid, as to the manner of laying the pipes and the character thereof with respect to safety and public convenience, makes it the further duty of the court " . . . . in a like manner and upon a like petition, when and as often as any dispute arises as to pipes already laid, to define the duties of such corporation as to their relaying, repair, mending or improvement."

The 1st section of the act invests natural gas companies with the right of eminent domain, and the 12th section regulates the manner in which the right shall be exercised with respect to the public safety and convenience.   There are two classes of disputes which the court is authorized to settle : (1) those arising as to the manner in which pipes shall be laid and the character thereof ; (2) those relating to the relaying or repair of pipes already laid.   As to the first the court is to define what precautions shall be taken ; as to the second it is to define the duty of the company to relay or repair.   A dispute which arises from the denial of the right of the company to make excavations in order to reach and repair its pipes, is as clearly a dispute within the meaning of the 12th section as one which arises from the refusal of the company voluntarily to make needed repairs.   And a dispute may exist although the denial of the right is not absolute and unqualified, but is as in this case conditional upon the payment of a license fee which the company considered unreasonable in amount and unauthorized by law.   As there was a dispute the court had jurisdiction under the proceedings instituted.

The ordinance of January 11, 1900, while general in its terms, applies only to the defendant company, and apparently from

what the record shows it was passed in a spirit of resentment and retaliation because of the increase in the price of gas furnished by the plaintiff to consumers. The fee fixed in 1873 for a permit to open streets was fifty cents. The increase in 1900 was to $3.00 for unpaved, and $5.00 for paved streets, and a deposit of $10.00 was required in each case. This increase seems to be purely arbitrary and disproportionate to the expense incurred by the borough in the supervision of its streets and to the liability to which it is exposed. The court restored the former fee of fifty cents for unpaved streets and fixed the fee for paved streets at $2.00, the change probably being made because of the change in the character of street paving since 1873. The allowance for changed conditions practically puts the parties where they placed themselves before a dispute arose as to other matters.

The decree is affirmed at the cost of the appellant.