## Springfield Water Company, Appellant, v. Burgess and Town Council of the Borough of Darby.

*Boroughs—Ordinance—Excavations in highways—Reasonable borough ordinance—Water companies.*

A borough ordinance is not unreasonable which prohibits any person from making excavations in a highway until he has obtained a permit from the borough authorities, paid a fee of $3.00, given a bond to properly fill up the excavation, and submits to take the lines from the borough surveyor, paying the costs and expenses therefor.

Argued Feb. 11, 1901. Appeal, No. 210, Jan. T., 1901, by plaintiff, from decree of C. P. Del. Co., March T., 1900, No. 132, on bill in equity, in case of The Springfield Water Company v. The Burgess and Town Council of the Borough of Darby. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

From the pleadings it appeared that the Springfield Water Company had acquired the rights and franchises of the Citizens' Water Company which had been incorporated for the purpose of supplying the borough of Darby with water. The bill alleged that the plaintiff had been notified that if it did not first comply with the provisions of a certain ordinance that it would not be permitted to lay its pipes in the streets of the borough. The material portions of the ordinance referred to are as follows:

"Section 1. The Burgess and Town Council of the Borough of Darby have ordained, that no excavations or openings shall be made in any streets or highway of the said Borough of Darby, nor shall any drains, pipes or conduit be laid in any such street or highway unless a permit shall first have been obtained from the Chief Burgess or the Chairman of the Highway Committee in the manner and upon the terms hereinafter provided.

"Section 2. Said permit shall be issued in pursuance of an application in writing signed by the person desiring to make an excavation or lay a pipe, drain or conduit, setting forth the location, dimensions and purpose of such excavation, the character of the pipe, drain or conduit to be laid and the time at which the work is to be done.

" Upon the issue of said permit the applicant shall pay into the borough treasury for the use of the borough a fee of three dollars and shall also enter into an obligation with a surety or sureties to be approved by the Chief Burgess or Chairman of the Highway Committee, conditioned that the said excavation shall be properly filed up and the street or highway repaired and restored to the same condition as before said excavation was made.

" Section 3. No permit shall be issued for making excavations or laying any pipe, drain or conduit of a greater length than three hundred feet, nor shall any permit remain in force for more than ten days after the date of its issue.

" Section 4. All pipes, drains and conduits laid in any street or highway shall conform to the location from time to time designated by the Highway Committee for such purposes and shall be laid under the direction and supervision of the Borough Surveyor, who shall, after the laying of said pipes, drains or conduits, file with the Secretary of the Borough a plan showing the location thereof, and a certificate that the same has been laid in accordance with the provisions of this Ordinance and the terms of the permit issued therefor. . The lines for laying such pipes, drains and conduits shall be furnished by the Borough Surveyor who shall after laying of said pipes, drains or conduits file with the Secretary of the borough a plan showing the location thereof and a certificate that the same has been laid in accordance with the provisions of this Ordinance and the terms of the permit issued therefor. The lines for laying such pipes, drains and conduits shall be furnished by the Borough Surveyor at the cost and expense of the person or corporation to which the permit has been granted."

HEMPHILL, P. J., specially presiding, filed an opinion in which after deciding that the plaintiff had properly acquired the rights and franchises of the Citizens' Water Company, continued as follows : Is the ordinance above referred to a lawful police regulation ?

That the supervision and control over the condition of its highways is not only an inherent right, but a duty of the municipality, will scarcely be questioned at this day ; and when the legislature confers upon a corporation the right to use or occupy

the highways of a municipality, it does not exempt it from municipal regulation, but merely grants it the rights possessed by natural persons.

"It is to be presumed," says Justice STRONG in Frankford, etc., Railway Co. v. City of Philadelphia, 58 Pa. 123, "that when the legislature creates a corporation and authorizes it to carry on a specified business within the limits of a municipal organization, the business is intended to be conducted under the restrictions, rules and regulations that govern the same business when transacted by others within the same corporate limits." See also opinion of Judge HARE, concurred in by the Supreme Court in Western Union Telegraph Co. v. City of Philadelphia, 22 W. N. C. 39.

And the multiplicity of uses to which the public streets and highways are now put, the construction under the surface of conduits for the transmission of light, heat, power and sewage and the supplying of water, gas, etc., renders the duty of the municipality imperative, to provide by proper rules and regulations for their use and occupancy, in order that the safety of its citizens may be insured and their free use and enjoyment by the public may be interfered with as little as possible.

It is unnecessary, however, in the present case, to invoke elementary principles, for the act of April 29, 1874, under which the Citizens' Water Company of Darby borough was incorporated, in clause 2, of section 34, as amended by the 2d section of the act of May 16, 1889, provides that companies for the supply of water to the public incorporated under the act are authorized and empowered to enter upon and occupy such streets, lanes, alleys, roads and highways as may be necessary in the construction and repair of their works, "subject to such regulations as the councils of said borough, town, city or district may adopt in regard to grade or for the protection and convenience of public travel over the same."

Are then the regulations of the borough of Darby for the making of excavations and openings in the streets and highways, passed May 8, 1899, reasonable and for the protection and convenience of public travel? We think they are both.

The sections of the ordinance of which the plaintiff complains are the first four.

The 1st section provides that "No excavation or opening

shall be made in any streets or highways . . . . unless a permit shall first have been obtained." This surely is a reasonable and proper provision to enable the borough authorities to know when and where the excavations are to be made that they may provide for the safety of the public travel and see that its grades are not changed or the pipes, mains, conduits, etc., already laid, interfered with, injured or destroyed.

The 2d section requires the applicant for a permit to pay a fee of $3.00 and enter into an obligation with a surety or sureties " conditioned that the said excavation shall be properly filled up and the street or highway repaired and restored to the same condition as before said excavation was made."

The cases, Reading City v. Bitting, 167 Pa. 21, and Millerstown v. Bell, 123 Pa. 151, cited by counsel for plaintiff to sustain his position, that the fee of $3.00 is illegal, are not in point, for the fees there charged were license taxes and not police regulations, and this distinction is drawn by the court in both cases; while such as is required by our ordinance has been held to be a proper exercise of the police power* in Western Union Tel. Co. v. Philadelphia, 22 W. N. C. 39, Allentown v. Western Union Telegraph Co., 148 Pa. 117, City of Chester v. Phila. Reading & Pottsville Telegraph Co., 148 Pa. 120, and several other cases.

Nor are we satisfied that the fee is excessive, for in addition to the clerical labor of preparing, issuing and keeping record of the permits, the excavation while being made and while open requires, for the safety of the public, extra police care and supervision, and the expense thus necessarily entailed should not be imposed upon the taxpayers, but be paid by those for whose advantage and profit they are occasioned.

Neither do we consider the requirement of an obligation with sureties either illegal or improper; on the contrary we think it wise and prudent to thus protect the borough against loss by the insolvency of the company or its liability for damages.

The 3d section limits the length of the excavation for which a permit may be granted to 300 feet, and the time it shall remain in force to ten days. These we consider reasonable and proper police regulations to prevent the obstruction, of more than is necessary at a time, of the public streets, and to require their speedy repair and restoration for free and safe travel.

The objection made to the 4th section is, that there is no fee or price fixed for the lines for the laying of the pipes, drains, etc., required to be furnished by the borough surveyor, and that his charges, therefore, might be excessive. The answer to that is, that if they are the company has its remedy.

We are unable to discover anything illegal, unreasonable or even objectionable in the ordinance, and must therefore refuse to continue the preliminary injunction and dismiss the plaintiff's bill.

*Error assigned* was decree dismissing bill.

*E. H. Hall*, for appellant.—The plaintiff company derives its power from the general corporation act of 1874, and the amendment thereto passed May 16, 1889, P. L. 226, and its right of entry upon the streets of the defendant borough is by virtue of this legislation: Case of The Philadelphia and Trenton R. R., 6 Wharton, 25; Millvale Borough v. Evergreen Railway Co., 131 Pa. 1; Com. v. Erie & Northeast R. R. Co., 27 Pa. 339.

If the borough defendant does not have the right to prohibit the appellant from laying its mains in the streets until a permit is obtained, then there is no power to exact a fee and a bond before the permit is issued: Pittsburg's App., 115 Pa. 4; Penna. R. R. Co. v. Duquesne Boro., 46 Pa. 223.

The right to enter upon the streets and lay the pipes being given to the appellant by the act, the borough has no right to require a permit and bond before they shall exercise their right under the franchise.

If the municipal authorities undertake to impose conditions which are unreasonable and not authorized by the act, a court of equity will grant relief by declaring them unreasonable and not binding on the company: Commissioners, etc., of Northern Liberties v. Northern Liberties Gas Co., 12 Pa. 318; Penna. R. R. Co. v. Braddock Electric Ry. Co., 31 W. N. C. 311.

The borough incurs no risk of liability from an accident by reason of the water company laying its mains. This question is settled by cases of Borough of West Chester v. Apple, 35 Pa. 284, Borough of Susquehanna Depot v. Simmons, 112 Pa. 384, and Fitzpatrick v. Boro. of Darby, 184 Pa. 645.

*Edward P. Bliss,* with him *John B. Hannum,* for appellees.—
The use of highways by private corporations as well as by in-
dividuals must be subordinate to the powers of the municipality,
and the right of the public: Beach on Public Corporations,
sec. 1222; Commissioners, etc., of Northern Liberties v. North-
ern Liberties Gas Co., 12 Pa. 318; Johnson v. Phila., 60 Pa.
445.

In conclusion it is submitted that the ordinance in question
is a reasonable and proper exercise of the police power and is
necessary "for the protection and convenience of public travel: "
Allentown v. Western Union Telegraph Co., 148 Pa. 117; City
of Chester v. Phila., Reading & Pottsville Telegraph Co., 148.
Pa. 120.

OPINION BY MR. JUSTICE MITCHELL, May 27, 1901:

Two questions were raised in the court below, first whether
plaintiff had legally acquired the rights of the Citizens' Water
Company to lay water pipes in the borough of Darby. This
was decided by the court in favor of the appellant. It there-
fore does not arise on this appeal and we express no opinion
upon it.

The second question was whether the ordinance regulating
the making of openings, laying pipes, etc., in the streets of the
borough, was a reasonable exercise of the police power and there-
fore binding on the plaintiff. We affirm the judgment upon the
opinion of the court below on this point.

Judgment affirmed.