# Edgewood Borough, Appellant, *v.* Scott.

*Boroughs—Natural gas companies—Police power—Ordinance—Regulation of use of streets.*

A municipality has the right in the exercise of its police power, and it is its duty to supervise and control the introduction and maintenance, upon and under the surface of the streets, of the various appliances which subserve the several urban uses, such as telegraph and telephone lines, water and gas pipe, street railways and sewers, to which the highway of a city or borough may lawfully be subjected. In the exercise of this power it may ordain reasonable regulations, not inconsistent with the laws of the commonwealth, for the good order and government of the municipality, the welfare of citizens, the protection of property and the conflicting rights and interests of the various individuals or corporations enjoying franchises to use the public streets.

The authorities of a borough, incorporated under the general laws, are by the Act of April 3, 1851, P. L. 320, as amended by the Acts of May 22, 1883, P. L. 39, and June 4, 1897, P. L. 121, vested with authority to make such regulations as they shall deem necessary for the good order and government of the borough, to lay out and ordain streets, to prohibit the erection or construction of any building or work, excavation or other obstruction to the convenient use thereof, to regulate roads, streets and common sewers, and to ordain penalties for the violation of such regulations and collect the same.

A borough ordinance is not unreasonable which prohibits any person from making excavations in a highway until he has obtained a permit from the borough authorities, and imposes no unreasonable conditions as to the manner in which the excavations shall be made and the street repaired, and imposes no charge for such permit not grossly disproportionate to the expense of issuing it and the probable expense of proper inspection and police surveillance, as to warrant the court in declaring it unreasonable.

The Act of May 29, 1885, P. L. 29, relating to the incorporation of natural gas companies does not exempt such companies from the reasonable police regulations of boroughs as to the use of borough streets. If such a company feels aggrieved at the action of a borough, its remedy is by petition to the court of common pleas under sec. 12 of the act of 1885, to secure a modification of the regulation.

*Corporations—Charters—Construction of charter.*

An ambiguity in a charter of a corporation must operate against the corporation and in favor of the public.

The rule "expressio unius est exclusio alterius" is not applicable to the construction of charters.

Argued April 26, 1905. Appeal, No. 246, April T., 1905, by plaintiff, from judgment of C. P. No. 2, Allegheny Co.,

July T., 1902, No. 61, on verdict for defendant non obstante veredicto in case of Edgewood Borough v. Philip Scott. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Appeal from justice of the peace. Before RODGERS, J. The facts appear by the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*G. J. Shaffer*, for appellant.—The defendant, as an employee of The People's Natural Gas Company, incorporated under the natural gas act of 1885, was lawfully arrested and fined, as the company was operating illegally, such companies having no right to lay their lines upon any street or highway or any part thereof, of a borough, without municipal consent formally expressed by ordinance of councils and approved by its burgess : Pittsburg's Appeal, 115 Pa. 4 ; Allegheny v. People's Natural Gas & Pipeage Co., 172 Pa. 632 ; People's Natural Gas Co. v. Pittsburg, 1 Pa. C. C. Rep. 311 ; McDevitt v. People's Natural Gas Co., 160 Pa. 367 ; Philadelphia Company v. Freeport Borough, 167 Pa. 279.

The defendant as an employee of the People's Natural Gas Company was lawfully arrested and fined for excavating in the street without a permit as required by borough ordinance regulating the laying of gas and other pipes : Pittsburg's Appeal, 115 Pa. 4 ; Allegheny v. People's Nat. Gas & Pipeage Co., 172 Pa. 632 ; Landsdowne Borough v. Springfield Water Co., 16 Pa. Superior Ct. 490 ; Springfield Water Co. v. Darby Boro., 199 Pa. 400 ; Commissioners of Northern Liberties v. Gas Co., 12 Pa. 318 ; Ry. Co. v. Philadelphia, 58 Pa. 119.

A borough has the power to pass and enforce such ordinances as may be necessary to the exercise of its police powers, and in such ordinances to provide for fines and penalties to be enforced by summary conviction. And natural gas company employees are subject to the provisions of such an ordinance where it is not in direct conflict with the act of May 29, 1885 : Act of April 3, 1851, sec. 2, P. L. 320 ; Act of June 4, 1897, P.

L. 121; Pittsburg's App., 115 Pa. 4; Kittanning Borough v. Kittanning Consolidated Nat. Gas Co., 26 Pa. Superior Ct. 355.

The ordinance under which defendant was arrested is not unreasonable and is a proper exercise of the police powers of a borough in the control of its highways : Chartiers Valley Gas Co. v. Allegheny, 33 P. L. J. 424; Pittsburg's Appeal, 115 Pa. 4; Allegheny v. People's Nat. Gas & Pipeage Co., 172 Pa. 632; Lansdowne Borough v. Springfield Water Co., 16 Pa. Superior Ct. 490 ; Springfield Water Co. v. Borough of Darby, 199 Pa. 400 ; Kittanning Boro. v. Kittanning Consolidated Natural Gas Co., 26 Pa. Superior Ct. 355.

*Sol Schoyer, Jr.*, of *Schoyer & Hunter*, for appellee.—The general Act of 1885, P. L. 29, provides remedies which are exclusive and restrictive of the legislative powers of boroughs, so far as the laying or extension of pipe lines by natural gas companies is concerned.

As applied to natural gas companies, this ordinance is unreasonable: McDevitt v. Gas Co., 160 Pa. 367 ; Provost v. Water Co., 162 Pa. 275 ; Pittsburg's App., 115 Pa. 4; Lansdowne Borough v. Springfield Water Co., 16 Pa. Superior Ct. 490 ; Chartiers Valley Gas Co. v. Allegheny, 33 P. L. J. 424.

OPINION BY PORTER, J., October 9, 1905 :

This action to recover the penalty imposed by a borough ordinance for digging a trench in a street for the purpose of laying pipes to carry natural gas, without having obtained a permit or certificate authorizing said excavation to be made, was commenced before a justice of the peace, from whose judgment the defendant appeals.   There was at the trial in the court below no dispute as to the facts, and the jury rendered a verdict in favor of the plaintiff and against the defendant, " subject to the question of law reserved, to-wit, whether there is any evidence which entitles the plaintiff to recover."   The learned judge of the court below entered judgment in favor of the defendant, non obstante veredicto, upon the ground that the borough ordinance imposing the penalty was invalid.   There was an abundance of evidence that this defendant, assisted by others, had dug a deep trench in and for a considerable distance along Walnut street, a public street of the borough of Edge-

wood ; that this was done for the purpose of laying pipes to carry natural gas for the Peoples' Natural Gas Company, which was duly incorporated under the Act of May 29, 1885, P. L. 29, and it was admitted that neither the defendant nor the gas company had obtained from the borough authorities any permit to dig the trench.   The Peoples' Natural Gas Company had never previously had any line of pipe upon that location ; the work was the introduction of a new line and not the repair of one already existing.   The borough of Edgewood is a municipal corporation, incorporated December 1, 1888, under the general borough laws.   All legal requirements were complied with in the passage of the ordinance in question, and if it is invalid it is because of the lack of municipal authority to enact and enforce it.

The state, by the organization of a city or borough within its borders, imparts to its creature, the municipality, the powers necessary to the performance of its functions, and to the protection of its citizens in their persons and property.   The police power is one of these.   A municipality has the right in the exercise of its police power, and it is its duty, to supervise and control the introduction and maintenance, upon and under the surface of the streets, of the various appliances which subserve the several urban uses, such as telegraph and telephone lines, water and gas pipes, street railways and sewers, to which the highways of a city or borough may lawfully be subjected. In the exercise of this power it may ordain reasonable regulations, not inconsistent with the laws of the commonwealth, for the good order and government of the municipality, the welfare of citizens, the protection of property and the conflicting rights and interests of the various individuals or corporations enjoying franchises to use the public streets.   The authorities of a borough, incorporated under the general laws, are by the Act of April 3, 1851, P. L. 320, as amended by the Acts of May 22, 1883, P. L. 39, and June 4, 1897, 121 vested with authority to make such regulations as they shall deem necessary for the good order and government of the borough, to lay out and ordain streets, to prohibit the erection or construction of any building or work, excavation or other obstruction to the convenient use thereof, to regulate roads, streets and common sewers, and to ordain penalties for the

violation of such regulations and collect the same.   The only question for the court to determine is whether a particular ordinance is a reasonable exercise of such power : Borough of Warren v. Geer, 117 Pa. 207 ; Sayer Borough v. Phillips, 148 Pa. 482; City of Allentown v. Telegraph Company, 148 Pa. 117; Chester City v. Western Union Telegraph Co., 154 Pa. 464 ; Ridley Park v. Light & Power Co., 9 Pa. Superior Ct. 615.

The ordinance in question provided for the payment of no fee for the permit.   There can, therefore, be no suggestion that it is a revenue measure in the guise of a police regulation. The ordinance is general in its terms and regulates the laying of all gas, water and sewer pipes in the streets of the borough, and the guarding of trenches and excavations.   When considered as a general regulation, apart from the alleged exemption from municipal control of natural gas companies, the reasons of the learned judge of the court below for holding the ordinance invalid do not seem to be well founded.    The first section provides that no street shall be opened and worked upon for the purpose of laying pipes to carry natural gas or manufactured gas, water or sewerage, between October 15 and March 15.   The power of a municipality to make such a regulation was sustained by the Supreme Court in the case of Commissioners of Northern Liberties v. Gas Co., 12 Pa. 318, and such a regulation was sustained in Pittsburg's Appeal, 115 Pa. 4, to which proceeding the Peoples' Natural Gas Company was a party.   The second section reserves the centers of all streets, not already occupied by water or gas mains, for sewers, and provides that water and gas mains shall be laid on either side of the street, not to exceed six feet from the curb lines.   It is not even asserted that this is an unreasonable regulation.   The third section forbids the making of excavations upon any street, unless the person desiring to do such work shall file with the borough clerk an application setting forth the nature of such proposed excavation and agreeing in said application to be bound by the provisions of this ordinance, " and it shall be the duty of said borough clerk to refer said application to the street committee for approval, and in case the street committee shall authorize the said excavation to be made, then the said borough clerk shall issue a permit or certificate authorizing said excava-

tion to be made." The requirement that the applicant should agree to be bound by the provisions of the ordinance was not unreasonable, unless there was in the ordinance some regula- tion which the borough was without authority to impose, and in this ordinance we find no abuse of discretion upon the part of the borough authorities. The provision investing the street committee with discretion to pass upon the application cannot be held unreasonable. There must be somewhere vested the discretion to pass upon the propriety of granting the applica- tion, otherwise it would only be necessary for a person desir- ing to dig a ditch in the street to make his own plans and then demand that the borough authorities approve them, whether they were manifestly dangerous to the public or not. This section confers powers upon the street committee, but those powers must be lodged somewhere, and we cannot say that they were improperly confided to the street committee. If the street committee is unreasonable, the company has its appeal to the court of common pleas, under the act of 1885. A regu- lation substantially the same as this in effect was held to be good in Pittsburg's Appeal, 115 Pa. 4.

The fourth section regulates the manner in which the work shall be done, the precautions to be taken to avoid accidents, the length of trench which shall be permitted to be opened at any one time, and the restoration of the surface of the street to its former condition, and the repair of defects in the pavement or sidewalk over trenches or excavations which is rendered nec- essary, within one year, by reason of such trenches and excava- tions. The requirement that the person making the excava- tion shall erect and maintain proper and sufficient barricades around all trenches dug and excavations made to prevent accidents, and shall be liable for any and all damages sus- tained by reason of such excavations, is perhaps unnecessary, for the duty to maintain proper and sufficient barricades around a ditch dug in a public highway is imposed by law, and the damages referred to are manifestly intended to mean those legally recoverable because of an accident resulting from neg- lect to properly guard the ditch. This provision would not increase the liability of the company which had taken the re- sponsibility of digging the ditch in the public highway. If a municipal regulation is lawful when intended for one purpose

and unlawful if for another, the presumption is that the purpose was lawful unless it clearly appear otherwise : Johnson v. Philadelphia, 60 Pa. 445. The requirement that the pipes be laid and the trench filled, " as soon as five hundred feet of any trench shall have been dug, . . . ." "all earth filled in to be thoroughly rammed or puddled under the supervision of the borough officer, and no earth taken from trenches to remain on the street longer than twenty-four hours," is a manifestly proper regulation, the intention of which was to promote the convenient use of the street, and prevent the opening and permitting to remain open long lines of ditch without proceeding to lay the pipe and complete the work with reasonable promptness. The requirement that earth taken from the trenches should not be permitted to remain on the street longer than twenty-four hours, was manifestly intended to · refer to earth which remained after the operation of filling the ditch had been completed. The requirement that the street be restored to as good condition as it had been in before the work was done, to the satisfaction of the street committee, and that defects in the pavements, caused by said trenches and developing within one year from the completion of the work, be repaired to the satisfaction of the street committee, is not unreasonable, such a regulation was sustained in Pittsburg's Appeal, 115 Pa. 4 and Springfield Water Co. v. Boro. of Darby, 199 Pa. 400. The regulation providing that when pipes have been laid and the grade of the street subsequently changed, the person, firm or corporation, shall on notice from the street committee, take up such pipes and relay them at their own expense, imposes no new burden. The municipal authorities are vested with a discretion to make reasonable regulations, to which those who have rights in the highway must conform. They have authority to fix the grade of streets, and when they have done so upon the original opening of the highway their power of regulation is not thereby exhausted, they may adopt and enforce such new grades and regulations as changed conditions may require, and corporations as well as natural persons having franchises to use the streets must conform to the new regulation. When the municipal authorities have adopted such regulations, the court will not interfere in the absence of evidence establishing an abuse of discretion : American Tele-

graph & Telephone Co. v. Millcreek Township, 195 Pa. 643; American Telegraph & Telephone Co. v. Harborcreek Township, 23 Pa. Superior Ct. 437.

The learned counsel for the appellee contends that the Act of May 29, 1885, P. L. 29, under the provisions of which the Peoples' Natural Gas Company was incorporated, exempts such companies and their employees from the operation of such police regulations by municipalities as that in question; that such companies are absolutely free to do as they please in the public highways, so long as there has been no appeal to the court of common pleas of the county and a decree by that court defining the manner in which the pipe shall be laid. This contention is not well founded. The power of boroughs to make reasonable police regulations is independent of, and not merely incidental to, the power to grant or withhold consent to the use of the streets by corporations. It is true that the twelfth section of the act of 1885 prescribes a mode of determining certain disputes that may arise between the municipality and the gas company, but this section cannot fairly be construed as taking away the power of the municipality to ordain reasonable regulations for the purpose of keeping the highways safe and convenient for public travel. The borough has power to make such regulations, and the officers through whom it acts are vested with a discretion to determine what regulations are necessary to preserve the streets in the condition in which the law requires them to be kept. When a gas line has already been laid in a street and the borough authorities seek to compel the gas company to change its location, or to replace it with new pipe because its condition is believed to have become a menace to public safety, they would be seeking to compel affirmative action by the company, and, in case of a refusal to comply, a proper case would be presented for a petition by the borough to the court of common pleas, under the provisions of the twelfth section of the act of 1885. When the matter is one of the original location of a line and the borough has adopted a police regulation, or the proper municipal authorities have designated the location upon which it is to be laid and the precautions which shall be taken to avoid unnecessary interference with or danger to those using the highway for purposes of travel, if the regulation is

reasonable, as a general regulation, it is binding upon the company. If because of peculiar circumstances, or the character of the business in which the corporation is engaged, the officers of the gas company do not deem it expedient to comply with the regulation, the only course open to them is to present the petition of the natural gas company to the court of common pleas, and seek to secure a modification of the regulation. The company is then the actor ; the act of 1885 gives it the peculiar privilege of invoking the jurisdiction of the court of common pleas to revise or modify the police regulation, but the manner in which that jurisdiction must be invoked is by a petition to the court, and not by defiantly ignoring the borough ordinance, digging ditches in the public streets without caring who may be injured thereby, and taking the chances of successfully carrying the matter through with a high hand. The ordinance in question was valid as a general police regulation for the purpose of keeping the streets in a safe condition, the natural gas company did not see fit to avail itself of the statutory provision specially applicable to such companies, the court of common pleas never has revised the regulation under the provisions of the act of 1885, and the case of this defendant is to be disposed of as would that of an employee of any other corporation having a right to use the street in the exercise of a public franchise. If the ordinance was a legal exercise of the power of the borough, we must pronounce it legal, without pausing to be satisfied also of its wisdom : Wartman v. Philadelphia, 33 Pa. 202. Where in a subsequent act in favor of a private corporation it is sought to control the general powers before granted to a public corporation, the intention of the legislature ought distinctly to appear. Any ambiguity in the grant must be construed against them, and in favor of the public. The rule of construction in all such cases is, that an ambiguity in a charter of a company must operate against the corporation and in favor of the public. The right of a private corporation to break up the public highways of a municipality in the exercise of the franchise conferred upon them by an act of assembly, is necessarily subject to the reasonable municipal regulations of the district, enacted for the common good of all its inhabitants, unless specially excluded by the act conferring the right : Commissioners of Northern Liberties v. Gas Co., 12

Pa. 318. " It is to be presumed that when the legislature creates a corporation, and authorizes it to carry. on a specified business within the limits of a municipal organization, the business is intended to be conducted under the restrictions, rules and regulations that govern the same business when transacted by others within the same corporate limits. . . . and corporations chartered to do business in a city are to be regarded as inhabitants of the city, and, in the absence of special exemption, subject to its ordinances : " Frankford etc., Railway Co. v. Philadelphia, 58 Pa. 119. " Expressio unius est exclusio alterius," argues the learned counsel for the plaintiffs. But surely, that is not the rule of construction applicable to charters. They are to be taken most strongly against the corporations or persons who claim rights or powers under them, and most favorably for the public : " Johnson v. Philadelphia, 60 Pa. 445. A company that is required to obtain municipal consent, and after obtaining it has entered upon the streets, is in precisely the same situation, so far as its being subject to police regulation is concerned, as a company that is not required to obtain such consent : Lansdowne Borough v. Springfield Water Co., 16 Pa. Superior Ct. 490, and Kittanning Borough v. Natural Gas Co., 26 Pa. Superior Ct. 355. A borough ordinance is not unreasonable which prohibits any person from making excavations in a highway until he has obtained a permit from the borough authorities, and imposes no unreasonable conditions as to the manner in which the excavations shall be made and the street repaired, and imposes no charge for such permit not grossly disproportionate to the expense of issuing it and the probable expense of proper inspection and police surveillance, as to warrant us in declaring it unreasonable : Springfield Water Co. v. Boro. of Darby, 199 Pa. 400 ; Lansdowne Borough v. Water Co., 16 Pa. Superior Ct. 490. We held in Kittanning Borough v. Natural Gas Co., 26 Pa. Superior Ct. 355, that the act of May 29, 1885, did not exempt natural gas companies from the power of municipalities to supervise and inspect their lines for the purpose of ascertaining whether they are maintained in a safe condition. The power of a borough to require natural gas companies to take out a permit to open a street was clearly recognized in the case of Fort Pitt Gas Co. v. Borough of Sewickley, 198 Pa. 201. The ordinance passed upon in that

case imposed a charge or fee for the permit to open streets, and the amount of the charge was held to be unreasonable, but the ordinance was in other respects sustained and the charge was reduced by the court. That case arose upon a petition by the gas company to the court of common pleas, under the provisions of the act of 1885. We are of opinion that this ordinance is valid as a general police regulation, and that natural gas companies and their employees are subject to its provisions. Such companies have, under the provisions of the act of 1885, a complete remedy for any abuse of discretion upon the part of the borough officers in refusing a permit to open a street, or attempting to enforce an impracticable location of any gas line.

The judgment is reversed, and the record is remitted to the court below with direction to enter judgment upon the verdict.