# West Chester Borough, Appellant, *v.* Postal Telegraph-Cable Company.

*Constitutional law—Special legislation—Municipalities—License fees*
*—Telegraph companies—Act of April 17, 1905, P. L. 183.*

1. The Act of April 17, 1905, P. L. 183, entitled: "An Act Providing for the determination by the Court of Common Pleas of the proper county of all disputes as to the reasonableness of the amount of license fees between municipal corporations and telegraph and telephone, or light or power companies," is not unconstitutional as special legislation because it does not include electric street railway companies within its provisions. Electric street railway companies are nothing but "street passenger railways," and such companies are by the constitution itself put into a separate class.

2. The findings of fact by the court below in a proceeding under the Act of April 17, 1905, P. L. 183, to determine the reasonableness of a license fee imposed by a borough on a telegraph company when sustained by sufficient evidence, will not be reversed by the appellate court.

Argued Nov. 18, 1908.   Appeal, No. 181, Oct. T., 1908, by plaintiff, from order of C. P. Chester Co., Aug. T., 1907, No. 22, in proceedings to determine the reasonableness of license fees in case of West Chester Borough v. Postal Telegraph-Cable Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Petition under the Act of April 17, 1905, P. L. 183, for a citation to determine the reasonableness of license fees imposed upon telegraph poles. Before BUTLER, J.

The facts are stated in the opinion of the Superior Court.

BUTLER, J., entered the following order:

June 15, 1908, it is ordered that the Postal Telegraph-Cable Company shall pay to the borough of West Chester, thirty cents per pole—$16.80 per year; for the years beginning June 1, 1906 and 1907, and $17.10 for the year beginning June 1, 1908, with interest on each yearly amount from June 1 of the year for which it is payable. And thirty cents per pole is fixed as the annual fee to be collected by the borough from the Postal Telegraph-Cable Company, on each of its poles located in the

604 W. CHESTER BORO., Appellant, *v.* P. TEL.–CABLE CO.

Statement of Facts—Opinion of the Court.    [38 Pa. Superior Ct.

borough. The costs of this proceeding are equally divided between the parties.

*Error assigned* was the order of the court.

*Wm. S. Windle,* for appellant.—The act of 1905 is unconstitutional: Morrison v. Bachert, 112 Pa. 322; Seabolt v. Commissioners of Northumberland County, 187 Pa. 318; Wheeler v. Philadelphia, 77 Pa. 338; Long Branch v. Sloane, 49 N. J. L. 356 (8 Atl. Repr. 101); Com. v. Gilligan, 195 Pa. 504.

The fee was unreasonable: Atlantic, etc., Tel. Co. v. Philadelphia, 190 U. S. 160 (23 Sup. Ct. Repr. 817); W. Conshohocken Boro. v. Light & Power Co., 29 Pa. Superior Ct. 7; Kittanning Borough v. Kittanning Consolidated Nat. Gas Co., 26 Pa. Superior Ct. 355; Kittanning Boro. v. Water Co., 35 Pa. Superior Ct. 174; Kittanning Boro. v. Western Union Tel. Co., 26 Pa. Superior Ct. 346; Collingdale Boro. v. Keystone State Tel. & Tel. Co., 35 Pa. Superior Ct. 351; Pottsville Boro. v. Gas Co., 33 Pa. Superior Ct. 480; Western Union Tel. Co. v. New Hope, 187 U. S. 419 (23 Sup. Ct. Repr. 204).

*C. W. Talbot,* for appellee, cited as to the constitutional question: Sugar Notch Borough, 192 Pa. 349; United Telephone, etc., Company's Petition, 15 Pa. Dist. Rep. 193; Pennsylvania Telephone Company v. South Bethlehem Borough, 16 Pa. Dist. Rep. 878.

Cited as to the reasonableness of the order: Western Union Tel. Co. v. New Hope, 187 U. S. 419 (23 Sup. Ct. Repr. 204).

OPINION BY PORTER, J., February 26, 1909:

The borough of West Chester, by ordinance approved April 11, 1906, ordained that each telegraph, telephone, electric light and electric railway company using poles with wires strung thereon within the limits of said borough should pay an annual license fee of fifty cents for each pole used by any of said companies in any street, alley or highway of the borough. The borough, in 1907, brought this action to recover of the defendant company the amount of the license fees imposed by this

ordinance upon the poles which it maintained in the streets of the borough. The defendant company presented a petition to the court, under the provisions of the Act of April 17, 1905, P. L. 183, averring that the amount of the annual license fee imposed by the ordinance was unreasonable and excessive, that for this reason a dispute had arisen between the borough and the company, and prayed the court to hear the parties and determine the amount of the annual license fees which should be paid by the company to the borough in order to properly compensate it for the necessary cost of the service performed, or to be performed by it, for the inspection and regulation of the poles of the defendant company. The representatives of the borough and of the defendant company, respectively, then entered into a written agreement providing that, in this action, "in accordance with the provisions of the Act of assembly, approved April 17, 1905, P. L. 183, the amount of annual license fees to be paid by said company, the defendant, shall be determined by the court, at such time as to the court shall seem proper; and that the decision of the court shall have the same effect as if no suit had been begun, and as if the petition had been presented pursuant to the act of assembly aforesaid, and all subsequent proceedings by reason thereof had been in accordance with the said act." The effect of this agreement is simply to constitute this a proceeding under the act of April 17, 1905. The court below after hearing the parties and considering the evidence which they presented entered a decree fixing the amount of the annual license fee to be paid by the defendant company upon its poles in the streets of the borough at thirty cents per pole. The borough appeals and contends that the decree of the court below should be reversed upon two grounds: first, that the Act of April 17, 1905, P. L. 183, is unconstitutional and, second, that the evidence produced established that the charge imposed by the ordinance was reasonable and ought not to have been reduced by the court below.

The ground upon which the borough contends that the statute is unconstitutional is that it is special legislation in that it does not apply to all public service corporations maintaining poles in the public streets. The act applies to telegraph, tele-

phone, light and power companies, and would thus seem to embrace all companies known to modern conditions which use poles carrying wires for the purpose of the transmission of messages, light or power. The learned counsel representing the borough contends, however, that "trolley companies" also maintain poles in the streets for the purpose of sustaining wires carrying an electric current to be used in the movement of their cars, and that because the statute does not mention and include such companies, it therefore does not apply to all property within the class and must be held to be special legislation, within the prohibition of the constitution. The sole objection to the statute is that because electric street railway companies are not subject to its provisions, although it is conceded that all other companies having the right to erect poles, sustaining wires carrying an electric current, are so subject, this involves a classification of subjects which renders the act unconstitutional. The fact that "trolley companies," or electric street railways, are nothing but "street passenger railways," and as such are by the constitution itself put into a separate class would seem to be a sufficient answer to this criticism of the statute. Article XVII, sec. 9 of the constitution, is in these words: "No street railway shall be constructed within the limits of any city, borough or township, without the consent of its local authorities." The power of the municipal authority, under this constitutional grant, to give or refuse consent is unlimited and unqualified. That necessarily implies the power to impose reasonable conditions in giving consent. When the municipality, in the ordinance consenting to the construction of a street railway, imposes a condition, the street railway company, if it accepts the grant, must perform the condition. The municipality may couple its consent with a condition that the street railway company shall carry passengers at a designated rate of fare, and that a certain percentage of the dividends shall be paid to the municipality: Allegheny v. Railway Company, 159 Pa. 411; Millcreek Township v. Erie Rapid Transit Street Railway Company, 209 Pa. 300. So the municipality may by the form of its consent impose upon the street railway the burden of paving and keeping streets in repair: Duquesne Borough v.

Kunze, 7 Pa. Superior Ct. 313. It cannot be seriously questioned that if a municipality imposed, as a condition of its consent, that the street passenger railway company should pay a certain rate annually for each pole sustaining the wires carrying the electric current, which furnished the power for its cars, that the company, if it accepted the grant, would subsequently be required to perform the condition. Neither the legislature nor the courts can trespass upon the discretion given absolutely by the constitution to the local bodies, in determining the conditions upon which they will consent to the construction of a street passenger railway upon the local highways. The introduction and maintenance of telegraph, telephone, electric light and electric power poles and wires, upon the streets, as well as the construction of gas and water lines under the surface of such highways, are subjects with regard to which the legislative control of the streets is complete, and the municipalities have only such authority in regard thereto as the legislature may choose to grant. The legislature may in terms confer upon municipal corporations the power to pass ordinances of a specific and defined character, and an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the corporation, or under a grant of power general in its nature: Ligonier Valley Railroad Company v. Latrobe, 216 Pa. 221. The legislature may, by general law, authorize the construction of telegraph and telephone lines upon the streets, or of natural gas lines under the surface, and exempt those lines from local charges for police supervision by the municipalities, or limit such charges and provide that the imposition of them by the local authorities may, upon the petition of either party, be reviewed and corrected by the courts: Appeal of the City of Pittsburg, 115 Pa. 4; Fort Pitt Gas Company v. Sewickley Borough, 198 Pa. 201; Edgewood Borough v. Scott, 29 Pa. Superior Ct. 156. These things it may do with regard to those subjects as to which its control of the streets is not limited by constitutional restriction. The legislature might absolutely forbid the maintenance of electric light or electric power wires upon poles in the streets of a municipality, while at the same time authorizing telegraph

and telephone lines to be therein maintained. The power of local municipal authorities to make such discrimination is dependent upon grant by the legislature. The act of 1905 applies to all telegraph and telephone companies, in every city, borough and township in the state; it is a general act, and not special legislation within the meaning of the constitutional provision.

We have considered the evidence which was produced by the parties at the hearing of this matter in the court below and have arrived at the conclusion that the decree of the court below, fixing the annual license fee to be paid by the defendant company at thirty cents for each pole maintained by it in the streets of the borough, ought not to be disturbed. The ascertainment of the facts involved the balancing of conflicting testimony, the credibility of witnesses, and the consideration of existing local conditions. The findings of fact by the learned judge of the court below were abundantly sustained by evidence, and we find no reason for disregarding them. The conclusions of law based on those findings of fact are in accordance with the principles recognized in the opinion of our Brother HEAD, in Delaware & Atlantic Telegraph & Telephone Company's License Fees, 37 Pa. Superior Ct. 151, and upon that branch of the case nothing can profitably be added to what was there said.

The decree of the court below is affirmed and the appeal dismissed at costs of the appellant.