## Frackville Sewerage Company v. Jones et al.

*H. O. Bechtel*, and *Kilker & Kilker*, for appellant.

*O. A. Wisansky*, for respondents.

HOUCK, J., June 14, 1937.—The Frackville Sewerage Company succeeded to the rights of George A. Haupt, Jr., who obtained permission by ordinance adopted September 7, 1932, to construct a sewer system under certain streets and highways in the Borough of Frackville. Under a borough ordinance, the fee for a permit to excavate in

the streets was $1. The sewerage company was considerably handicapped because of the refusal of many of its patrons to pay the charges for sewer service. Consequently, as was its right, the sewerage company proceeded to disconnect delinquent patrons. This led to varied litigation. The borough refused to issue permits to the company to excavate in the streets and, finally, it was compelled to do so by mandamus. After this proceeding was terminated, the borough and the company came to an agreement respecting the manner of payment of back rentals by delinquent customers. The company's proposal was adopted by the borough on May 12, 1936.

Thereafter, on June 8, 1936, the borough adopted an ordinance regulating the opening of streets in the borough, in which it is provided that it shall be unlawful for any person or corporation to dig any excavation whatever in any pavement or sidewalk or any street, lane or alley in the borough without first obtaining a written permit from the chief burgess, which permit shall be issued only upon designation as to where the opening is to be made, an agreement to be bound by the terms of the ordinance, and the deposit of the sum of $33. The ordinance further provides that whenever an opening has been made in any of the streets or alleys of the borough, it shall be the duty of the street commissioner to take charge of the same for the purpose of replacing the thoroughfare in its former condition, and, after the completion of the work by the commissioner, the total cost shall be determined by him according to the market rates for material and the salaries and wages of those employed upon the work of filling and supervising the same. One dollar of the amount deposited is to be retained by the borough as a fee for each permit issued. If the cost of replacing the excavation is less than $32, the excess is to be returned to the party who secured the permit. If it exceeds $32, the excess is to be paid by the party who secured the permit.

On July 18, 1936, the sewerage company appealed from this ordinance, alleging that it is violative of the rights

conferred upon the company by the ordinance of September 7, 1932, and also of the agreement of May 12, 1936; that the amount required to be deposited is arbitrary, excessive and unreasonable, and that the ordinance is unconstitutional in that its title is not sufficiently inclusive of the contents of the ordinance.

The title of the ordinance is sufficiently descriptive of its contents. Furthermore, a borough ordinance is not a law within the meaning of section 3, art. III, of the Constitution of Pennsylvania: City of Corry v. The Corry Chair Co., 18 Pa. Superior Ct. 271, 279; Donahue v. Borough of Punxsutawney, 86 Pa. Superior Ct. 337, 339. The ordinance is not violative of any rights conferred upon the sewerage company by the ordinance granting it permission to occupy the streets of the borough; nor is it violative of the agreement of May 12, 1936. Regulation and control of the streets of a borough is an exercise of police power, and a municipality cannot waive or bargain away the right to exercise of police powers delegated by the State: Kittanning Electric Light, Heat & Power Co. v. Kittanning Borough, 11 Pa. Superior Ct. 31, 34; Scranton Gas & Water Co. v. Scranton City, 214 Pa. 586, 590. The objections to the ordinance on these grounds are not tenable.

The only remaining question is whether the ordinance is arbitrary and unreasonable. No valid objection can be made on the score that the resurfacing of excavations is to be done by the borough, or that a deposit to cover the cost is required in advance.

"The laying of a pavement may require skill and experience and it is within the police power of a municipality to ordain a regulation that the paving made over excavations in the public streets shall, in order to preserve uniformity, be done by the municipal authorities, and that the party who makes the excavation shall be required in advance to deposit an amount sufficient to cover the cost of repaving: Appeal of the City of Pittsburgh, 115 Pa. 4":

Pottsville Borough v. Pottsville Gas Co., 33 Pa. Superior Ct. 480, 487; see also Springfield Water Co. v. Burgess and Town Council of the Borough of Darby, 199 Pa. 400.

Hence the case resolves itself into the single question whether the deposit required is arbitrary, excessive and unreasonable. The primary presumption is that borough officers act in good faith and exercise their best judgment, and the burden is upon appellant to show that the ordinance is arbitrary: Chambersburg Borough v. Chambersburg Gas Co., 38 Pa. Superior Ct. 311, 317. A reasonable discretion must be left to the borough authorities: Philadelphia v. Brabender, 17 Pa. Superior Ct. 331, 338. However, if the amount fixed by the ordinance is purely arbitrary and disproportionate to the expense incurred by the borough, the ordinance is without validity: Fort Pitt Gas Co. v. The Borough of Sewickley, 198 Pa. 201; Lansdowne Borough v. Springfield Water Co., 16 Pa. Superior Ct. 490, 496.

In the light of these principles, the required deposit of $33 seems to us arbitrary and unreasonable. No distinction is made between concrete, macadamized or unsurfaced streets; nor does the deposit vary with the size of the excavation. According to the testimony, 60 percent of appellant's sewer pipes are under unpaved streets, and the usual excavation required is one and one third square yards. The cost of resurfacing such an excavation on a paved street is approximately $9 a square yard. According to the testimony of the borough's street commissioner, the actual cost of refilling such an excavation on an unpaved street is approximately $3.25. If in most cases the actual cost ranges between $4 and $10, it is difficult to justify a deposit of $33. We are unable to escape the conclusion that the amount of the deposit is purposely exorbitant in order to harass and embarass the sewerage company. In short, the deposit required is entirely disproportionate to the actual expense involved. In Appeal of the City of Pittsburgh, 115 Pa. 4, 7, the ordinance

680

which was upheld provided that the commissioner of highways should estimate the cost of repaving and receive payment of the estimated cost before issuing the permit. Where that is done, the amount required to be paid bears some relation to the character of the street and the extent of the excavation. In the ordinance before us, no distinctions are made and the same deposit is required whether the street is paved or unpaved, or whether the excavation is large or small. Apparently the amount was fixed arbitrarily without consideration of the actual expense involved. This being so, the ordinance is null and void.

And now, June 14, 1937, the ordinance adopted by the town council of the Borough of Frackville on June 8, 1936, entitled "An ordinance regulating the opening of sidewalks, pavements, streets, lanes and alleys of the Borough of Frackville, and the digging of ditches, etc., in the same", is adjudged null and void, and the Borough of Frackville is directed to pay the costs of this proceeding.

From G. Harold Watkins, Frackville.